**Mary C. WOLL, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 97–846C.**

United States Court of Federal Claims.

July 24, 1998.

David M. Moran, Pittsburgh, PA, for plaintiff.

Armando O. Bonilla, Washington, DC, with whom was Assistant Attorney General Frank Hunger, for defendant. Lt. Col. Terry L. Elling and Maj. Bryan Broyles, Department of Army, of counsel.

## ORDER

MILLER, Judge.

This matter is before the court after argument on defendant's motion to dismiss for failure to state a claim upon which relief can be granted, RCFC 12(b)(4), and the parties' cross-motions for judgment on the administrative record. The issue to be decided is whether plaintiff, as a former spouse of a retired United States Army major, is entitled to receive benefits from the Army's Survivor Benefit Plan (the "SBP").

## FACTS

Mary C. Woll ("plaintiff") and then-Major Roger L. Woll were married from December 30, 1967, until their divorce on April 5, 1990. On July 31, 1981, Major Woll voluntarily retired from the United States Army after more than 20 years of active duty. Before retiring on April 8, 1981, Major Woll elected to participate in the Army's SBP designating his spouse and dependent children as his beneficiaries pursuant to 10 U.S.C. § 1448 (1994).[1] The SBP is an annuity program, whereby the amount paid out to beneficiaries reflects a percentage of the participant's retirement pay. Named beneficiaries become eligible to receive benefits upon the annuitant's death.

On April 5, 1990, the 17th Judicial Circuit of Broward County, Florida, entered a Final Judgment of Dissolution of Marriage (the "divorce decree") ending the Wolls' marriage. Paragraph 9 of the divorce decree required:

Respondent/Husband shall pay to the Petitioner/Wife permanent alimony in the amount of SIX HUNDRED AND 00/100THS ($600.00) DOLLARS per month in two (2) equal monthly payments as set forth in paragraph eleven (11), which constitutes thirty-eight percent (38%) of said benefits, provided that any increases in Respondent/Husband's military pension be passed through to Petitioner/Wife so that she continue to receive the same percentage of the aforementioned military pension as permanent alimony. Further, any survivorship rights in the aforementioned military pension shall vest in the Petitioner/Wife upon the death of the Respondent/Husband to the extent allowable by law.

Plf's Br. filed Apr. 30, 1998, Ex A. The divorce decree made no explicit reference to the SBP or to any other annuity program. The divorce was uncontested and neither party appealed. Neither of the Wolls remarried. At argument defendant conceded that the final sentence of this paragraph cannot refer to anything other than the SBP.

By letter dated April 25, 1990, Major Woll notified the Department of Defense Finance and Accounting Service (the "DFAS") of his divorce; attached a copy of the April 15, 1990 divorce decree; and directed the DFAS to discontinue his participation in the SBP, given that he had no longer had a spouse. By statute both a retiree and a former spouse have one year from the date of the divorce decree to elect former spouse status. 10 U.S.C. §§ 1448(b)(3), 1450(f)(3)-(4) (1994).

On January 18, 1991, plaintiff submitted USAFAC Form 0–1767 and a certified copy of the divorce decree to the Army and requested the DFAS to initiate direct payment for support, alimony, and division of Army retired pay pursuant to 10 U.S.C. § 1408. USAFAC Form 0–1767 provides for the garnishment of wages from an Army retiree's pay pursuant to 10 U.S.C. § 1408. The Army thereby was directed to garnish the

---

1. Major Woll completed Form 4240 as required for enrollment into the Army's SBP program. Because Major Woll opted for full coverage, plaintiff was not required to co-sign Form 4240 and receive counseling concerning options available to spouses under the SBP.

support monies directly from Major Woll's retirement paycheck.

By letter dated February 14, 1991, the DFAS office of the Army acknowledged receipt of plaintiff's request and advised her that it was being reviewed. The letter further explained that the retiree, Major Woll, would be given 30 days to furnish evidence as to why the Army should not comply with the court order, after which period the Army would notify plaintiff if it could not comply with the order. Subsequent to the Army's letter, no further correspondence was exchanged between the Army and plaintiff concerning compliance with the divorce decree. Plaintiff received alimony and child support directly from the Army until Major Woll's death on February 14, 1995.

Following Major Woll's death, plaintiff applied for benefits under the SBP program. In June 1995 the Army's Retirement Services determined that Major Woll did not intend plaintiff to be his SBP beneficiary and denied plaintiff SBP benefits due to insufficient evidence of governmental error.

Although plaintiff agrees that she is not eligible for SBP benefits as a surviving spouse, she claims eligibility as a former spouse. On December 15, 1997, plaintiff commenced this action in the Court of Federal Claims seeking review of the Army's decision denying her SBP benefits as a former spouse.

## DISCUSSION

In order to receive SBP benefits, plaintiff must demonstrate that she qualified as a former spouse at the time of Major Woll's death. *See Sumakeris v. United States*, 34 Fed. Cl. 246, 248, 256–57 (1995), *aff'd*, 95 F.3d 1163 (Fed.Cir.1996). In order for plaintiff to qualify as a former spouse beneficiary, the divorce decree must have required Major Woll to provide former spouse SBP benefits to plaintiff. 10 U.S.C. §§ 1448(b), (d)(3). Alternatively, Major Woll must have expressly designated plaintiff as a former spouse beneficiary within one year after the date of the divorce. 10 U.S.C. § 1448(b)(3). The SBP program is a separate insurance annuity, which requires an express election by the

annuitant to provide a former spouse with benefits.

10 U.S.C. §1448(b)(3)(A)(ii) provides that a person

who has a former spouse who was not that person's former spouse when he became eligible to participate in the Plan, may (subject to subparagraph (B)) elect to provide an annuity to that former spouse. Any such election must be written, signed by the person making the election, and received by the Secretary concerned within one year after the date of the decree of the divorce, dissolution or annulment.

10 U.S.C. § 1448(d)(3)(B) provides:

(d) Coverage for survivors of retirement-eligible members who die on active duty.—

(3) Mandatory former spouse annuity.— If a member described in paragraph (1) is required under a court order or spousal agreement to provide an annuity to a former spouse upon becoming eligible to be a participant in the Plan or has made an election under subsection (b) to provide an annuity to a former spouse, the Secretary—

(B) shall pay an annuity to that former spouse as if the member had been a participant in the Plan and had made an election under subsection (b) to provide an annuity to the former spouse, or in accordance with that election, as the case may be, if the Secretary receives a written request from the former spouse concerned that the election be deemed to have been made in the same manner as provided in section 1450(f)(3) of this title.

The statute provides for a deemed election in favor of the former spouse, but mandates that the former spouse notify the Secretary of the Army within one year of the request by a former spouse or the date of the member's voluntary election or the date of the court order. 10 U.S.C. §§ 1450(f)(3)(A)(i), (C) provide, in pertinent part:

(f) Change in election of insurable interest or former spouse beneficiary.—

(3) Required former spouse election to be deemed to have been made.—

(A) Deemed election upon request by former spouse.—If a person described in

paragraph (2) or (3) of section 1448(b) [governing voluntary election[2]] of this title is required (as described in subparagraph (B)) to elect under section 1448(b) of this title to provide an annuity to a former spouse and such person then fails or refuses to make such an election, such person shall be deemed to have made such an election if the Secretary concerned receives the following:

(i) Request from former spouse.—A written request, in such manner as the Secretary shall prescribe, from the former spouse concerned requesting that such an election be deemed to have been made.

(ii) Copy of court order or other official statement....

. . . .

(C) Time limit for request by former spouse.—An election may not be deemed to have been made under subparagraph (A) in the case of any person unless the Secretary concerned receives a request from the former spouse of the person within one year of the date of the court order or filing involved.

Plaintiff contends that ¶ 9 of the divorce decree required Major Woll to designate her for former spouse SBP benefits. Paragraph 9 recites: "[A]ny survivorship rights in [Major Woll's] military pension shall vest in [Ms. Woll] upon the death of [Major Woll] to the extent allowable by law." Plf's Br. filed Apr. 30, 1998, Ex A. Moreover, plaintiff asserts that at the time of the divorce, no other military pensions existed in which plaintiff could be vested, except Major Woll's retirement pay, part of which plaintiff contends encompasses the SBP benefits. According to plaintiff, the survivorship rights in the divorce decree support an entitlement to SBP former spouse benefits.

Although defendant concedes that the final sentence of ¶ 9 could only refer to SBP benefits, that concession alone does not establish plaintiff's entitlement. At argument plaintiff acknowledged that the language of ¶ 9 could have been more explicit by requiring Major Woll to make the election and to continue to make payments, as the divorce decree expressly provided with respect to the other insurance policies that the Wolls owned. However, the designation does not satisfy the statutory requirement that either Major Woll or plaintiff had to make an election for former spouse status. Instead, Major Woll canceled the program, and plaintiff failed to make the requisite timely election.

Plaintiff further claims that Major Woll expressly designated her as a former spouse beneficiary. Following the dissolution of a marriage, a military retiree who elects to participate in the military's SBP program may voluntarily elect to continue providing SBP annuity benefits to his or her former spouse pursuant to 10 U.S.C. § 1448(b)(3)(A)(ii).

Plaintiff contends that Major Woll's letter of April 25, 1990, which included a copy of the divorce decree, timely accomplished the designation by default. Although the Army interpreted the letter as an instruction to discontinue plaintiff's future SBP benefits, plaintiff asserts that Major Woll's letter was an attempt to discontinue completely all SBP benefits, including benefits to Major Woll's dependent children. Thus, plaintiff takes the position that the Army should not have deviated from the literal instructions contained in Major Woll's April 25 letter, which would render his effort void because a participant in the SBP program must continue to provide for dependent children. 10 U.S.C. §§ 1447(11)(A)(i-iii), 1450(a)(3).

The record reflects that Major Woll immediately notified the Army of his intent to discontinue plaintiff's benefits, and that no communication indicated any intent on Major Woll's part to provide former spouse benefits to plaintiff. In his April 25, 1990 letter, Major Woll explicitly directed the Army to cease his participation in the SBP plan. The divorce decree was included as the necessary proof of the change in marital status, which is required because the Army is obliged to notify any current spouse if the military spouse fails to participate in the SBP program or intends to change the level of benefits. 10 U.S.C. § 1448(a)(6)(D); *see Barber v. United States*, 230 Ct.Cl. 287, 676 F.2d 651

---

**2.** 10 U.S.C. § 1448(b)(3)(A)(iii) requires notification within one year.

(1982). The Army thereafter deducted monthly from Major Woll's retirement pay for the continued support and participation in the SBP program on the behalf of dependent child, Brian Patrick Woll.

If Major Woll voluntarily, or pursuant to a court order, had designated plaintiff as a former spouse beneficiary, plaintiff was required, within one year from the date of the divorce decree, to submit written notification of her demand and acceptance of SBP benefits. 10 U.S.C. § 1450(f)(3). Plaintiff maintains that her submission of USAFAC Form 0–1767 on January 18, 1991, provides the requisite notice of intent to receive former spouse benefits. Form 0–1767 references 10 U.S.C. § 1408, which is a wage garnishment mechanism. The Army fully complied with Form 0–1767, and plaintiff received direct support payments from Major Woll's retirement pay until the time of his death. Form 0–1767 specifically states its purpose is to "initiate direct payment for child support ... alimony ... [and/or] division of property ... from the U.S. Army retired pay of ... [Major Woll] ... under ... 10 U.S.C. § 1408." SBP benefits do not fall under any of these categories. 10 U.S.C. §§ 1408(a)(2)(B), (a)(4)(D). Major Woll did not elect former spouse status for plaintiff, nor is plaintiff entitled to SBP benefits pursuant to a court order. Therefore, the submission of Form 0–1767 did not notify the Army of plaintiff's intent to receive former spouse SBP benefits. During argument plaintiff claimed that all appropriate documents were submitted, but the information was on the "wrong form." This is a compelling argument on the equities, but more so in relation to Major Woll's conduct, not the Army's. Congress has determined the manner by which the Army is to administer this annuity program, and plaintiff failed to perfect her rights in the manner set forth by statute.

In her May 7, 1995 letter to the Army, plaintiff acknowledged that she was unaware of the need to contact anyone in the Army regarding the divorce or the survivor benefits. This admission stands as further evidence that plaintiff, within one year from the date of the divorce decree, did not communicate the requisite notice to the Army.

Finally, plaintiff argues that the Army had a duty to notify plaintiff of any change concerning SBP benefits. The elaborate statutory scheme for SBP insurance does not place that burden on the Army, and makes it incumbent on the spouse to trigger notification for a deemed election of former spouse benefits. Plaintiff cannot receive SBP benefits because she fails to meet the statutory requirements for eligibility as a former spouse.

### CONCLUSION

Accordingly, based on the foregoing, defendant's motion for judgment upon the administrative record is granted, and plaintiff's cross-motion is denied. The Clerk of Court shall enter judgment for defendant.

**IT IS SO ORDERED.**

No costs.