### Yvonne C. PENCE, Plaintiff,

v.

### The UNITED STATES, Defendant.

### No. 01–516 C.

United States Court of Federal Claims.

June 20, 2002.

---

Arnold M. Young, Mill Creek, WA, for plaintiff.

Leslie Cayer Ohta, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant, with whom were Franklin E. White, Jr., Assistant Director; David M. Cohen, Director; and Robert D. McCallum, Jr., Assistant Attorney General. Lt. Col. Bruce D. Lennard, Air Force Legal Services Agency, Arlington, VA, of counsel.

## OPINION

DAMICH, Chief Judge.

### I. Introduction

This action is before the Court on Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC")[1] or, in the alternative, for Judgment on the Administration Record pursuant to Rule 56.1 of the RCFC, and Plaintiff's Counter–Motion for Summary Judgment Upon the Administrative Record. For the reasons stated below, Defendant's motion for summary judgment is GRANTED and Plaintiff's motion is DENIED.

### II. Background

Ms. Yvonne Pence (Plaintiff) married Major Jerome Pence in 1955 while Major Pence was on active duty in the United States Air Force. Prior to his retirement as a Major from the Air Force in 1974, he designated his wife as a beneficiary under the military's Survivor Benefit Plan (SBP). The SBP allows military retirees to provide for annuity payments, based on a percentage of the participants' retirement pay, to their designated survivors upon their death.

In July of 1976, Plaintiff and her husband divorced. The state-court divorce decree provided that she would receive one-half of her husband's retirement pension and that, if he predeceased her, such payment would continue upon his death for the remainder of her life. Major Pence provided a copy of the

1. The citations to RCFC herein will be to the Rules in effect as of May 1, 2002, even though the parties' pleadings may have cited to the numbering of Rules in effect prior to that date.

divorce decree to the appropriate Air Force finance center. Plaintiff received her share of her husband's retirement pay until his death in September of 1995.[2] Upon his death, the Air Force stopped any further retirement/pension benefit payments to Plaintiff on the ground that, at the time of her divorce, the laws controlling the SBP contained no option for retired service members to provide for *former* spouse coverage. Subsequent to her husband's death and the termination of benefit payments to her, Ms. Pence applied to the Air Force in 1996 seeking reversal of its denial of survivor benefits. The Air Force Board for Correction of Military Records (AFBCMR) ruled that Plaintiff's spousal coverage under the SBP ended concurrent with her divorce in 1976 and denied her application for relief on November 8, 1996, as well as her subsequent request for reconsideration (denied on September 21, 2001).

On September 7, 2001, Ms. Pence filed her complaint with this Court, seeking orders directing the Government to amend her former husband's military records to reinstate survivor payments to her, direct reimbursement for back survivor benefits, and direct continuance of such benefits to her until her death.

In 1983, subsequent to Ms. Pence's divorce but before her husband's death, Congress enacted Public Law 98–94, allowing retired service members, for the first time, to elect "former spouse coverage" under the SBP. Such election had to be in writing and submitted to the Secretary of the Air Force within one year of the decree of divorce. For members whose divorce decrees were already dated more than one year prior, Congress provided a one-year open enrollment period. Plaintiff's husband never made such an election. Public Law 99–145 was thereafter enacted in 1985, again permitting retired service members who had any type of SBP coverage to elect "former spouse coverage" under a one-year open enrollment period (that is, to February of 1986 at the latest). Her husband made no such election.

By Public Law 98–525 (10 U.S.C. § 1450(f)(3)(A)) (Section 1450(f)(3)(A)), enacted in 1984, however, Congress provided that an election could be submitted *by the former spouse,* rather than by the retired service member, under certain conditions. Plaintiff never specifically submitted any such "deemed election" request.

## III. Discussion

### A. Jurisdiction and Standard of Review

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1491(a)(1) (1992); *Barber v. United States,* 230 Ct.Cl. 287, 676 F.2d 651 (1982); *Kelly v. United States,* 826 F.2d 1049 (Fed.Cir.1987).

A plaintiff fails to state a claim upon which relief can be granted if the plaintiff cannot assert a set of facts that would support its claim. *Bay View, Inc. v. United States,* 278 F.3d 1259, 1263 (Fed.Cir.2001). The Court must assume that all well-pled factual allegations are true and resolve all reasonable inferences in favor of the nonmovant. *Highland Falls–Fort Montgomery Cent. Sch. Dist. v. United States,* 48 F.3d 1166, 1169–70 (Fed.Cir.1995).

On Defendant's motion for judgment on the administrative record, and Plaintiff's cross-motion for the same, pursuant to RCFC 56.1, the Court's review is necessarily limited to the record before the AFBCMR as informed by the parties' Statements and Counter–Statements of Facts submitted to this Court. *See Walden v. United States,* 22 Cl.Ct. 532, 537 (1991) (in military pay matters, the court reviews plaintiff's case "through the prism of a correction board"). The standard of review of military correction board decisions is whether the board's determination was "arbitrary, or capricious, or in bad faith, or unsupported by substantial evidence, or contrary to law, regulation, or mandatory published procedure of a substantive nature . . . ." *Sanders v. United States,* 219 Ct.Cl. 285, 298, 594 F.2d 804 (1979); *accord Wronke v. Marsh,* 787 F.2d 1569, 1576 (Fed. Cir.1986). Plaintiff must make her case

---

**2.** These payments were appropriate pursuant to the divorce decree but did not yet implicate the SBP, which deals only with survivor benefits (benefits upon the service member's death).

through cogent and clearly convincing arguments. *Id.*

### B. Issues

Plaintiff asserts that the Government has been capricious in denying her claim for military survivor benefits because it failed to give her proper notice of the need to take further action to protect the benefits agreed to in her divorce. The issue, then, is whether there is any statutory or case authority to support Plaintiff's contention that she was entitled to such notice either that: (1) she was no longer qualified for subsequent survivor benefits as a consequence of the 1976 divorce (despite submission of the divorce decree to the Air Force); (2) her former husband had failed to elect former spouse coverage once such coverage was first allowed statutorily in 1983; or (3) upon her former husband's failure to so elect, she was required to submit a written "deemed election" request for SBP benefits upon the enactment of Section 1450(f)(3)(A).

A second issue is whether the fact that the Air Force had Plaintiff's divorce decree in its files, with its provision for half of her former husband's "pension" even after his death, can be held to satisfy the statutory "deemed election" written request required of former military spouses pursuant to Section 1450(f)(3)(A).

### 1. Plaintiff is Not Entitled to Notice

▮ Plaintiff's case is weakest on the issue of notice. While there are indeed notice requirements relating to some aspects of the SBP, these requirements generally address notice to *spouses* of the service member's decision to elect or not elect SBP coverage before the first day of retirement (or notice to and counseling of service member's spouse *post*-retirement where SBP coverage was being dropped by the service member). *See Sumakeris v. United States,* 34 Fed.Cl. 246

(1995), *aff'd* 95 F.3d 1163 (Fed.Cir.1996)(unpublished table decision).

In *Sumakeris,* the court held that the Army improperly failed to notify and counsel the plaintiff spouse of her husband's election to withdraw from previously selected SBP coverage during a statutory window during his retirement (at the time, Ms. Sumakeris and her husband were separated but their divorce was not final). The court further held, however, that the plaintiff was not entitled to SBP coverage subsequent to her divorce and her former husband's death because, once the divorce was finalized, the plaintiff failed to incorporate into the divorce decree a judgment that SBP annuities be included in the equitable distribution order and failed to submit a written request for "deemed election" coverage within one year after the divorce, pursuant to Section 1450(f)(3)(A).

*Sumakeris* was an especially harsh decision because, if not for the military's failure to provide the required notice and counseling regarding her then-husband's election *out of* SBP, plaintiff might have otherwise been on guard to ensure more specific language in the equitable distribution order. The court noted that the plaintiff "was represented by counsel," failed to obtain the requisite language in the divorce decree, and failed to satisfy her affirmative obligation to submit a written "deemed election" request to the Secretary of the Army.

Plaintiff here distinguishes *Sumakeris* on the grounds that, unlike that of the unfortunate former spouse in *Sumakeris,* her divorce decree was in fact on file with the Air Force, that by its terms the Air Force was on notice of the intent of the divorcing parties to provide her survivor benefits, and that therefore the Air Force had a duty to notify her of the changes in the law enabling fulfillment of the terms of the decree.[3] However,

---

**3.** Among other defenses, the Government argues that the Air Force's possession of the divorce decree did not put it on notice of the divorcing couple's intent regarding military survivor benefits:

> The decree refers only to Major Pence's retirement benefits; it does not mention SBP benefits, nor could it have since such benefits [survivor benefits to former spouses] did not exist

at that time. Retirement benefits constitute payment for service rendered to the nation while SBP benefits are similar to annuity payments made under an insurance policy.

(Def.'s Reply to Pl.'s Resp. to Def.'s Mot. Dismiss or J. on the Admin. R. at 2, n. 1.)

However, defendant's definitional distinction is itself spurious: the divorce decree utilized the term "pension," which has a common dictionary

even though the parties here both acknowledge that the Air Force held a copy of the divorce decree, it had no obligation to notify her that her divorce decree was poorly drafted with regard to ensuring SBP benefits (i.e., that at the time of her divorce the law provided no such benefits to former spouses) and thus incurred no obligation to notify her of any subsequent opportunity to rectify that situation.

Despite the dicta in *Sumakeris* on the importance of notice in Congress's legislative history regarding service members' beneficiaries, the cases cited in that opinion focus on notice to surviving *spouses* with no mention in the legislative history (or otherwise) regarding notice to surviving *former* spouses. These cases and the statutory references therein, far from buttressing Plaintiff's case, instead establish that, when Congress wanted to impose a duty upon the government to provide notice in SBP matters, it explicitly did so. As the Federal Circuit held in a pre-SBP spousal notification case, "[n]o principle of statutory construction permits such a notice provision to be implied where it was excluded by Congress." *Passaro v. United States,* 774 F.2d 456, 458 (Fed.Cir.1985) (mandatory notice due to spouse, where military retiree elects not to participate in SBP, did not apply where service member retired before SBP program became effective).

In short, Plaintiff cites neither statutory nor case law authority that explicitly or even implicitly supports her argument on the Government's failure to provide notice. Defendant's arguments in this regard are strong, whereas Plaintiff's appeal is essentially to a sense of justice but, unfortunately, without the authority of the law.

Plaintiff argues that "there should be no difference between protecting a surviving spouse who is eligible for benefits, but not notified of the option to elect them," and former spouses like herself who have been authorized benefits under a divorce decree but who were not notified of the steps necessary to secure those benefits. (Pl.'s Resp. Def.'s Mot. Dismiss and Pl.'s Counter–Mot.

for Summ. J. at 9–10). Perhaps there should not be a difference, but "should" is not the province of this Court without the guidance of statutory and case law. The Federal Circuit addressed just this point in *Passaro:* "The [lower] court should have taken a less expansive view of the claim by inquiring whether the administrative interpretation of the law was reasonable rather than whether it was the interpretation the court would have desired." *Passaro,* 774 F.2d at 458.

### 2. Plaintiff's Divorce Decree is Insufficient by Itself as a Request for SBP Benefits

■ With regard to the second issue, Plaintiff's case is also weak, except to whatever extent, if any, the filing of her divorce decree can be deemed tantamount to a written request for a deemed election of SBP benefits. Defendant has noted that Plaintiff's complaint does not allege that she submitted a deemed election request seeking coverage under the SBP and that there is no evidence in the Administrative Record of such a request. (Def.'s Corrected Mot. Dismiss at 10.) However, Plaintiff does suggest such a claim in a subsequent pleading: "[T]he order could be deemed to be tantamount to an election of said coverage." (Pl.'s Resp. Def.'s Mot. Dismiss and Pl.'s Counter–Mot. for Summ. J. at 10).

Section 1450(f)(3)(A) allows a deemed election as follows: (1) the divorce decree must order the service member to elect SBP benefits for the former spouse; (2) the service member must have failed or refused to make such election; (3) the former spouse must then submit "a written request, in such manner as the Secretary shall prescribe ... requesting that such an election be deemed to have been made" along with a copy of the divorce decree or order; and (4) the former spouse's written request must have been submitted within one year of the divorce decree or within the one-year window for divorce decrees issued more than one year before the deemed election opportunity was first enacted into law.

definition of payments to a person, *or to a person's beneficiaries,* following retirement from ser-

vice. *Black's Law Dictionary* 1155 (7th ed.1999).

Plaintiff's only hope is that the statutory requirements may be loosely construed. Her divorce decree provided in its paragraph 8(f) that she would receive "one-half (1/2) of the net payment of the United States Air Force pension of the husband" and that the payment "shall be continued in the event of the husband's death or remarriage ...." Because, at the time of the divorce, there was no mechanism for a service member's former spouse to receive SBP benefits, the language in their divorce decree mandating military survivor benefits to Plaintiff was of no legal force (at least not until the election provisions for former spouses took effect in the period 1983–85).

The divorce decree language may properly be construed as an order to Plaintiff's husband to elect SBP benefits for his former wife when that election became available seven years later, in 1983. The divorce decree certainly had continuing legal effect and it is not a stretch of law to conclude that Major Pence was under an obligation to take the steps necessary from the date of his divorce and thereafter to effect the state court's divorce decree terms. That he did not do so is stipulated by the parties. In any event, Major Pence either failed or refused to make the election when that opportunity became available.

The focus, therefore, is on whether the filing of the divorce decree with the Air Force in 1976 meets the later statutory requirements of "a written request, in such manner as the Secretary shall prescribe ... requesting that such an election be deemed to have been made" along with a copy of the divorce decree ordering survivor benefits and made within the one-year window of opportunity ending in 1985. By its plain wording, the written request and the court order are two different items; certainly, the statutory language implies that the latter itself does not incorporate the former. Section 1450(f)(3)(A).

That section provides, in pertinent part:

If a [participant in the SBP] ... is required ... [by a court order] to elect [to provide an annuity to a former spouse under section 1448(b) ] ... and such person then fails or refuses to make such an election, such person shall be deemed to have made such an election if the Secretary concerned receives the following: (i) A written request, in such manner as the Secretary shall prescribe, from the former spouse concerned requesting that such an election be deemed to have been made ... [and] (ii)(I) a copy of the court order, regular on its face, which requires such election ....

Section 1450(f)(3)(A).

For example, in *Woll v. United States,* 41 Fed.Cl. 371 (1998), the Court held that a service member's former spouse, who had timely submitted a certified copy of a divorce decree to the Army which provided, albeit in imprecise language, that she was to retain survivorship rights in her husband's military pension, along with the Army's prescribed form for direct payment of her share of child support, alimony, and retirement pay, nevertheless had failed to meet the specific requirements for former spouse survivor benefits. Although the plaintiff wife argued that the appropriate documents were submitted within one year of the date of the divorce, but merely on the wrong form, the court noted that "Congress has determined the manner by which the Army is to administer this annuity program [the SBP], and plaintiff failed to perfect her rights in the manner set forth by statute." *Woll,* 41 Fed.Cl. at 375. The particular form she submitted did not address SBP benefits and the court order itself was apparently insufficient without a separate written request for deemed election of SBP benefits.

In the instant case, Plaintiff is in an even weaker posture, inasmuch as her divorce decree was submitted to the Air Force many years prior to the onset of the statutory opportunity for a deemed election of survivor benefits. It cannot stand by itself as a "written request" by a former spouse for the deemed election of survivorship benefits under the SBP. As the court concluded in *Woll,* "The elaborate statutory scheme for SBP insurance does not place the burden on the [military branch], and makes it incumbent on the spouse to trigger notification for a deemed election of former spouse benefits." *Id.*

It may be that Congress has inadvertently overlooked the admittedly difficult situation

of former military spouses like plaintiff here who thought they were properly provided for in their divorce decrees and did not know of the affirmative requirement to submit a timely request for deemed election benefits. It is not for this Court, however, to act as a legislative body by filling in the interstices of otherwise clearly elaborated statutory provisions.

## IV. Conclusion

It is hereby ORDERED that Defendant's Motion for Judgment on the Administrative Record is GRANTED [4] and Plaintiff's Cross–Motion for Summary Judgment is DENIED. The Clerk of the Court is directed to enter judgment in favor of the Defendant and to dismiss the complaint.

4. The statutory and case law history of the military Survivor Benefit Plan demonstrate that Plaintiff has failed to assert any set of facts in her complaint to support a claim that the determination of the AFBCMR was arbitrary, capricious, or otherwise contrary to law. However, inasmuch as the Court has considered Plaintiff's additional pleadings as well as the Administrative Record in weighing her claim, it is more appropriate to render its decision upon Defendant's Motion for Judgment on the Administrative Record and Plaintiff's Cross–Motion for Summary Judgment, rather than on Defendant's alternative motion to dismiss for failure to state a claim.