**Donald L. WAGNER, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 01–509C.**

United States Court of Federal Claims.

June 4, 2003.

Eugene R. Fidell, Feldsman, Tucker, Leifer, Fidell & Bank, LLP, Washington, D.C., for plaintiff.

Brent M. McBurney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for defendant, with whom were Robert D. McCallum, Jr., Assistant Attorney General, U.S. Department of Justice; David M. Cohen, Director, and Bryant G. Snee, Assistant Director, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C.; and Lieutenant Colonel Tara A. Osborn, and Captain Toby D. McCoy, U.S. Army Litigation Division, of counsel.

## OPINION

SMITH, Senior Judge.

This case is before the Court on the parties' cross motions for Judgment on the Administrative Record. Plaintiff sought correction of his military record, back pay and allowances, and reinstatement on active duty, or in the alternative to reinstatement, retirement by reason of longevity. Plaintiff asserts that the Army Board for Correction of Military Records (the "ABCMR") acted arbitrarily, capriciously, or contrary to law or regulation when the ABCMR upheld the discharge of Plaintiff by the Department of the Army Active Duty Board ("DAADB"). Wagner claims that the DAADB violated military regulations by processing him for discharge without the prior approval of the Secretary of the Army (the "Secretary"). Defendant challenges Plaintiff's claims.

## FACTS

Plaintiff, Major Donald L. Wagner, was an officer in the United States Army Reserve. In June 1995, he was arraigned, tried, and found guilty by a general court-martial of making a false official statement and of conduct unbecoming an officer for altering his own Officer Efficiency Report ("OER"). Plaintiff was sentenced to a punitive reprimand and forfeiture of pay at $1,000.00 per month for 12 months, but was not dismissed from active duty. On July 9, 1996, the Army notified Wagner that the DAADB was going to consider him for release from active duty pursuant to Army Regulation ("AR") 600–8–24, Chapter 2, Section XV,[1] due to circumstances surrounding Plaintiff's June 1995 court martial.

AR 600–8–24 contains a number of procedural safeguards designed to protect the rights of Army officers. In particular, AR 600–8–24, Chapter 2, Section XV, ¶ 2.31(h) states that "[a]n officer who will complete 18 or more years of [active federal service] on his or her scheduled release date will not be processed under this section, unless such action is approved by the Secretary of the Army." On November 12, 1996, after the DAADB began considering Wagner for involuntary release, but before the release proceedings were finished, Wagner reached 18 years of active federal service. On December 9, 1996, the DAADB recommended that the Army release Plaintiff from active duty with an "other than honorable" characterization of Wagner's service. The DAADB made this recommendation without receiving prior approval from the Secretary, because the DAADB did not realize that Plaintiff had completed over 18 years of active federal service. On December 16, the Principal Deputy Assistant Secretary for Manpower and Reserve Affairs approved the DAADB's findings and recommendations, and consequently ordered Wagner's release from active Army duty.

The Army subsequently became aware that Wagner had attained 18 years of active federal service prior to the DAADB's decision, and therefore sought to rectify the breach of AR 600–8–24, Chapter 2, Section XV, ¶ 2.31(h) by requesting the Secretary's approval to discharge Plaintiff. On January 20, 1998, the Secretary, acting through his

---

1. AR 600–8–24, Chapter 2, Section XV, governs officer transfers and discharges from service.

delegee, the Acting Assistant Secretary of the Army for Manpower and Reserve Affairs, approved Wagner's release from active duty. The Army officially released Wagner from active duty on April 16, 1998.

On April 28, 2000, Wagner sought correction of his military records from the ABCMR, alleging, in pertinent part, that his separation was unsupported by substantial evidence, and arbitrary and capricious because his case was considered by the DAADB without prior approval by the Secretary, as required under AR 600–8–24, Chapter 2, Section XV, ¶ 2.31(h). Wagner requested that the ABCMR set aside the findings of the DAADB, direct the Plaintiff's reinstatement into the Army, grant Plaintiff all back pay, benefits, and allowances to which reinstatement would entitle him, including promotion to Lieutenant Colonel, and deem Wagner retired with retirement pay. On April 4, 2001, the ABCMR denied Wagner's claim in a detailed 16 page opinion. The ABCMR based its denial on the finding that Wagner "failed to submit sufficient evidence to demonstrate the existence of probable error or injustice." Admin. R. at 14 (ABCMR Memorandum of Consideration). The ABCMR also found that the violation of AR 600–8–24, Chapter 2, Section XV, ¶ 2.31(h) constituted harmless error because the Secretary would have authorized DAADB release proceedings for Wagner if consulted prior to the initiation of the proceedings. *Id.* at 13 (ABCMR Memorandum of Consideration).

Plaintiff filed the present suit in this Court on September 4, 2001, seeking judgment awarding him the pay and allowances he would have received if not for his involuntary release from service, correction of his military records, and restoration to active duty, or, in the alternative to restoration to active duty, retirement for longevity. In November 2001, both parties filed cross motions for Judgment on the Administrative Record pursuant to Rules of the Court of Federal Claims ("RCFC") 56.1.

In his motion, Plaintiff made two basic arguments supporting his claim for relief. First, Wagner alleged that the Army had violated its own regulation by failing to obtain the Secretary's approval before initiating Plaintiff's DAADB proceeding. Second, Wagner claimed that the ABCMR's decision upholding Wagner's release was arbitrary and capricious, and unsupported by substantial evidence because it rested on pure speculation concerning what the Secretary would have done had the Army complied with said regulation. In its cross motion, the government argued that Plaintiff's case should be dismissed because Plaintiff had failed to carry its burden of showing by cogent and clearly convincing evidence that the ABCMR's denial of Plaintiff's claim was arbitrary and capricious, or contrary to law or regulation.

## DISCUSSION

### I. JURISDICTION

The United States is immune from suit unless Congress specifically waives the government's sovereign immunity. *See United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). The Tucker Act waives the federal government's sovereign immunity and allows plaintiffs to bring suit in the Court of Federal Claims seeking "judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491 (1994). However, the Tucker Act does not create a substantive right enforceable against the federal government for money damages. *See Testan* 424 U.S. at 398, 96 S.Ct. 948. Instead, the Tucker Act "merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *Id.* Thus, a claimant must invoke a contract, constitutional provision, federal statute, or federal regulation supporting a claim for money damages against the United States to maintain a suit in this Court. *See Eastport S.S. Corp. v. United States,* 178 Ct.Cl. 599, 605, 372 F.2d 1002 (1967).

Here, Wagner claims monetary relief in the form of back pay and allowances under 37 U.S.C. § 204 (2000) ("Pay and Allowances

of the Uniformed Services") and ancillary relief in the form of restoration to active duty, or, in the alternative, retirement for longevity. The Federal Circuit has recognized that 37 U.S.C. § 204 (2002) serves as a federal statute supporting a suit for money damages for military personnel claiming Tucker Act jurisdiction for wrongful discharge. *Holley v. United States,* 124 F.3d 1462, 1465 (Fed.Cir.1997) (stating that "[i]t is well established that 37 U.S.C. § 204 … serves as the money-mandating statute applicable to military personnel claiming damages and ancillary relief for wrongful discharge"). Furthermore, in cases where monetary relief is properly requested under the Tucker Act, the Court may also grant injunctive and declaratory relief incident to its power to grant a monetary judgment. *See* 28 U.S.C. § 1491(a)(2) (2002) (stating that "[t]o provide an entire remedy and to complete the relief afforded by the judgment, the court may … issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records"). Thus, we have jurisdiction to review a dispute involving a member of the military who is "remov[ed] from a position to which he has been duly appointed," such as Major Wagner. *Rice v. United States,* 31 Fed.Cl. 156, 163 (1994); *see also Skinner v. United States,* 219 Ct.Cl. 322, 594 F.2d 824, 830 (1979) (*quoting Hertzog v. United States,* 167 Ct.Cl. 377, 383–84, 1964 WL 8548 (1964)) (stating that "[t]he fact that this court has the jurisdiction to review actions of military correction boards is not disputable").

## II. STANDARD OF REVIEW

A motion for judgment on the administrative record under RCFC 56.1 is treated under the RCFC as a motion for summary judgment. *See* RCFC 56.1. Summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See* RCFC 56; *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A material fact is a fact that might affect the outcome of the suit under the law governing the case. *See Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

The standard of review that we apply to a military corrections board decision is whether the decision was arbitrary and capricious, unsupported by substantial evidence, or contrary to law or regulation. *See Koster v. United States,* 231 Ct.Cl. 301, 685 F.2d 407, 411 (1982). This standard is quite deferential to the ABCMR. *See Keco Indus., Inc. v. United States,* 192 Ct.Cl. 773, 428 F.2d 1233, 1240 (1970) ( stating that "the standard of proof to be applied in cases where arbitrary and capricious action is charged should be a high one"). Thus, the standard may be overcome only with clear and convincing evidence that the ABCMR's decision was not only wrong, but so wrong that the decision is considered unreasonable in the context of the relevant statute. *See id.* The court must also consider whether the military correction board premised the challenged decision on "the relevant factors and whether there has been a clear error of judgment." *Bowman Transp., Inc. v. Arkansas–Best Freight Sys., Inc.,* 419 U.S. 281, 285, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974). This consideration requires us to make "a simple determination that a reasonable mind could support the challenged conclusion." *Donahue v. United States,* 33 Fed.Cl. 507, 510 (1995) (citing *Consolo v. Federal Maritime Comm'n,* 383 U.S. 607, 619, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966)). Reversal of a military correction board's decision requires that the claimant's proof that the decision was arbitrary and capricious, contrary to law or regulation, or unsupported by substantial evidence, be clear and convincing. *See Wronke v. Marsh,* 787 F.2d 1569, 1576 (Fed.Cir.1986).

## III. THE ARMY'S LEGAL ERROR WAS HARMLESS

The threshold question in evaluating the parties' cross motions is whether any genuine issues of fact exist to prevent the Court from granting summary judgment. The facts of this case are not in dispute. In particular, both parties agree that Plaintiff had more than 18 years of service at the time of his release, and that the DAADB processed Wagner for discharge without the prior consent of the Secretary. Therefore, the fundamental inquiry before the Court is whether the legal questions presented by the instant

case entitle either movant to judgment as a matter of law.

There are two legal questions at stake in the instant case. The first question is whether the Army committed legal error by violating its own regulation, AR 600–8–24, Chapter 2, Section XV, ¶ 2.31(h), in discharging Wagner. Defendant alleges that the DAADB discharged Wagner in accordance with AR 600–8–24, Chapter 2, Section XV, ¶ 2.31(h), because the regulations permitted the Secretary's delegee to ratify Plaintiff's discharge. However, Defendant's argument ignores the fact, which the government recognizes in its responsive brief in opposition to Plaintiff's cross motion, that the ABCMR's decision admitted that the DAADB failed to adhere to said regulation in discharging Wagner. *See* Def.'s Resp. In Opp'n To The Pl.'s Cross Mot. For J. Upon The Admin. R., And Reply In Supp. Of Our Mot. For J. Upon The Admin. R. at 4 (acknowledging "the mistake in originally processing the DAADB"); Admin. R. at 12–13 (ABCMR Memorandum of Consideration) (describing the error as harmless).

In light of the high level of deference we show to agency determinations, the Court accepts the ABCMR's holding that Wagner's discharge violated AR 600–8–24, Chapter 2, Section XV, ¶ 2.31(h). *See Balboa Ins. Co. v. United States,* 775 F.2d 1158, 1164 (Fed.Cir. 1985) (explaining that agency determinations are entitled to great deference); Admin. R. at 12–13 (ABCMR Memorandum of Consideration). We thereby find that the DAADB committed legal error in the instant case. *See Engels v. United States,* 230 Ct.Cl. 465, 678 F.2d 173, 176 (1982) (finding that agencies commit legal error when they act "contrary to the regulations" and their purpose, or contrary to mandatory rules).

The second question is whether the ABCMR acted in an arbitrary and capricious manner, or without substantial evidence, or in violation of law or regulation, by refusing to set aside the DAADB's findings and restore Plaintiff to active duty. In its decision upholding the DAADB's release of Wagner, the ABCMR stated that the DAADB's failure to adhere to AR 600–8–24, Chapter 2, Section XV, ¶ 2.31(h) was harmless because "[the

Secretary] would have initially authorized elimination proceedings regardless of the applicant's years of service." Administrative Record at 13 (ABCMR Memorandum of Consideration). The ABCMR's decision failed to explicitly substantiate this conclusion. *See id.*

Plaintiff alleges that the ABCMR decision is arbitrary and capricious, and unsupported by substantial evidence because the decision rests on "pure speculation" unsupported by evidence as to what the Secretary would have done had the Army complied with AR 600–8–24, Chapter 2, Section XV, ¶ 2.31(h) in discharging Wagner. Plaintiff points to *Murphy v. United States,* 22 Cl.Ct. 147, 150 (1990), to bolster the contention that agencies cannot rely on speculation alone to determine the outcome of personnel actions. In *Murphy,* the Court rejected the argument that the defendant could rely on a speculative assumption regarding whether the Secretary of the Air Force would have made a particular decision regarding the claimant's termination from military service. *See Murphy,* 22 Cl.Ct. at 147. Plaintiff concludes that *Murphy* stands for the proposition that "[t]he law may afford considerable deference to agency discretion, but it affords none to speculation." Pl.'s Mot. For J. On The Admin. R. at 14.

Plaintiff's arguments are unavailing. As stated above, Wagner must prove clearly and convincingly that the ABCMR's decision to uphold his discharge on the basis of harmless error was arbitrary and capricious, contrary to law or regulation, or unsupported by substantial evidence. *See Wronke,* 787 F.2d at 1576. Wagner's arguments fail to meet this exacting standard for three reasons. First, it is not clear and convincing that the ABCMR's finding that the Secretary would have supported the initiation of Wagner's discharge was based on unsupported speculation, as Plaintiff contends. It is true that the ABCMR's decision does not explicitly state the bases of the ABCMR's conclusion that the Secretary would have "initially authorized elimination proceedings" on Wagner's behalf. Admin. R. at 13 (ABCMR Memorandum of Consideration). However, the discussion section in the ABCMR's decision notes that the Secretary, through his delegee, the

Acting Assistant Secretary of the Army (Manpower and Reserve Affairs), retroactively endorsed Wagner's discharge proceedings. *Id.* at 13. This is strong evidence. It suggests that the ABCMR believed that the Secretary would have endorsed the initiation of Wagner's discharge, since the Secretary was willing to confirm Wagner's discharge following the DAADB proceedings; a very reasonable assumption. This assumption is enough to overcome Plaintiff's argument that the ABCMR's harmless error finding was unsubstantiated by evidence, given that the relevant standard of review merely requires the Court to determine that a reasonable basis exists for the ABCMR's challenged conclusion. *Donahue,* 33 Fed.Cl. 507, 510 (1995).

Second, evidence from a source closely related to the ABCMR's decision expresses an additional reasonable basis for the ABCMR's decision finding harmless error in the DAADB's failure to adhere to Army regulations in discharging Wagner. A legal review of the ABCMR's decision conducted prior to the finalization of that decision indicates that the reviewer, a senior Army legal advisor, believed that the Army cured any procedural error created by the Secretary's failure to authorize the commencement of Wagner's discharge proceeding by ultimately having the Secretary's delegee sanction the DAADB's findings. Admin. R. at 15–18 (Senior Legal Advisor's Memorandum to the ABCMR). The legal reviewer states that this retroactive sanction provided Wagner with the benefit of the procedural safeguards intended by AR 600–8–24, Chapter 2, Section XV, ¶ 2.31(h), regardless of the fact that the Army had failed to precisely follow the regulation. *Id.* at 17 (stating that "[t]he violation of the regulatory process did not create an adverse effect on the applicant nor did it deprive the applicant of any rights afforded to him under the regulation").

Third, Plaintiff's dependance on *Murphy* is misplaced. First, the case has questionable persuasive weight because it rendered final judgment on a United States Claims Court decision that was reversed by the Federal Circuit. *See Murphy v. United States,* 16 Cl.Ct. 385 (1989) *rev'd,* 993 F.2d 871 (1993) (reversing the decision for lack of justiciability).

Second, contrary to Plaintiff's allegations, it is not agency speculation per se that the Court rejected in *Murphy,* but *sole* reliance on a speculative assumption where other factors exist to undermine that assumption. *Id.* at 150. In *Murphy,* the Claims Court held that it could not assume that the Secretary of the Air Force would have taken discretionary action adverse to the plaintiff, because the plaintiff presented evidence that circumstances existed that "more than likely" would have encouraged the Secretary of the Air Force to act favorably to the plaintiff. *Id.* Thus, *Murphy* is distinguishable from the instant case, in which the subject agency, the ABCMR, presented evidence supporting the contention that the Secretary would have initially sanctioned the processing of Wagner's release from service.

## CONCLUSION

For the above reasons, the Court GRANTS Defendant's motion for Judgment on the Administrative Record and DENIES Plaintiff's cross motion for Judgment on the Administrative Record. The Clerk of the Court is directed to DISMISS the case. Each party will bear its own costs.

It is so ORDERED.