**Edward N. EISENHUTH, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 03–855 C.**

United States Court of Federal Claims.

Feb. 18, 2004.

Greg D. McCormack, Virginia Beach, VA, for plaintiff.

Kenneth D. Woodrow, with whom were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director and James M. Kinsella, Deputy Director, Civil Division, Department of Justice, Washington, DC, for defendant. Major James Carberry and Commander Robert A. Sanders, Office of the Navy Judge Advocate General, Washington, DC, of counsel.

*OPINION AND ORDER*

HEWITT, Judge.

This is a military pay action. Before the court is Defendant's Motion for Judgment Upon the Administrative Record (Def.'s Mot.) and Plaintiff's Response to Defendant's Motion for Judgment Upon the Administrative Record and Cross–Motion for Judgment Upon the Administrative Record (Pl.'s Resp.). For the following reasons, defendant's motion is GRANTED, and plaintiff's motion is DENIED.

I. Background

Plaintiff Edward N. Eisenhuth was involuntarily discharged from active duty in the United States Navy on July 6, 2001. Complaint (Compl.) ¶ 5. In this action, he challenges the decision of the Secretary of the Navy (Secretary), affirming the recommendation of the Board of Correction for Naval Records (BCNR), to change the nature of his discharge "from one based upon his civilian court conviction to one based upon the best interest of the service." Def.'s Mot. at 2; *see also* Compl. ¶¶ 17–18.

Plaintiff entered active duty in the Navy in July 1986. Compl. ¶ 4. In March 1999, plain-

tiff was convicted in civilian court for soliciting a prostitute. Administrative Record (AR) 454. In September 2000, plaintiff was investigated and found to have committed the military offense of sexually harassing three junior-ranking, female soldiers while on board the U.S.S. Kearsage. AR 3, 34, 105, 176. In July 2001, plaintiff was discharged from the Navy with a separation code of GBK, "denot[ing] a separation based on misconduct due to a civilian court conviction." Def.'s Mot. at 2; *see also* AR 8.

Plaintiff filed an Application for Relief before the BCNR in September 2001 on the grounds that, under the applicable military regulation, his discharge for misconduct based on a civilian court conviction was unsupported by the evidence. Compl. ¶ 10. The BCNR submitted its findings and recommendations to the Secretary in 2002, recommending partial corrective action. *Id.* ¶¶ 11-15. The BCNR specifically found that the Administrative Separation Board (ASB) misapplied the "regulations concerning separation due to civilian conviction," *id.* ¶ 12, but "ignored the 'overwhelming weight of the evidence' when it decided that the [p]laintiff's sexual harassment was not sufficiently serious to warrant separation," *id.* ¶ 13. Because the BCNR found that plaintiff would have been reprocessed for separation under the military regulation governing the best interest of the service, *id.* ¶ 14, it recommended the correction of plaintiff's naval record to reflect that his discharge was in the best interest of the service, *id.* ¶ 15. The BCNR also recommended that plaintiff's naval record show that separation pay was denied. *Id.* In October 2002, the designated representative for the Assistant Secretary of the Navy for Manpower and Reserve Affairs approved the recommendation of the BCNR. *Id.*

Plaintiff filed suit in this court in April 2003 seeking active duty back pay and separation pay. *Id.* ¶ 3. Defendant has moved to dismiss on the grounds that the Secretary's decision to discharge plaintiff is not judicially reviewable, the Secretary's decision adopting the BCNR's recommendation did not violate applicable law and the Secretary's decision to deny back pay or separation pay was not contrary to law. Def.'s Mot. at 7, 11, 18.

## II. Discussion

### A. Standard of Review

Motions for judgment on the administrative record filed pursuant to Rule 56.1 of the Rules of the United States Court of Federal Claims (RCFC) are reviewed under the same standards as motions for summary judgment. *See* RCFC 56.1(a); *Colo. Constr. Corp. v. United States,* 57 Fed.Cl. 648, 650 (2003) ("RCFC 56.1 motions ... are reviewed under the same standards as motions for summary judgment."); *Wagner v. United States,* 56 Fed.Cl. 634, 637 (2003) ("A motion ... under RCFC 56.1 is treated under the RCFC as a motion for summary judgment."). There are, however, certain differences between motions under RCFC 56 and RCFC 56.1 as stated in *Colorado Construction Corp. v. United States*:

> Although summary judgment and judgment on the administrative record are treated the same under Rule 56, they are of the same genus, but not the same species. Judgment on the administrative record has evolved as a convenient format for arguing in court a case based upon the record of an agency decision. *See Tech Sys., Inc. v. United States,* 50 Fed.Cl. 216, 222 (2001). In deciding a motion for summary judgment, the central issue is whether the movant has proved its case as a matter of fact and law or whether a genuine issue of material fact precludes summary judgment. *See CCL Serv. Corp. v. United States,* 48 Fed.Cl. 113, 119 (2000). When deciding a motion for judgment on the administrative record, the inquiry instead is whether, given all the disputed facts, plaintiff has met its burden of showing that an [administrative decision] is arbitrary, capricious, or prejudicially violates applicable [law]. *Id.*

57 Fed.Cl. at 650 (2003).

When reviewing a decision of a military corrections board on motion for judgment on the administrative record, this court must determine whether the decision of the board was arbitrary and capricious, unsupported by

substantial evidence, or contrary to law or regulation. *See Wronke v. Marsh,* 787 F.2d 1569, 1576 (Fed.Cir.1986); *Koster v. United States,* 231 Ct.Cl. 301, 685 F.2d 407, 411 (1982) (stating that plaintiff was bound by the military board's decision "unless he established that that determination was arbitrary, capricious, contrary to law, or unsupported by substantial evidence"); *Wagner,* 56 Fed.Cl. at 637 (setting out the same standard). To satisfy the burden of proof, the Federal Circuit has required " 'cogent and clearly convincing evidence.' " *Wronke,* 787 F.2d at 1576 (quoting *Dorl v. United States,* 200 Ct.Cl. 626, 633, 1973 WL 21334 (1973)); *see also Keco Indus., Inc. v. United States,* 192 Ct.Cl. 773, 428 F.2d 1233, 1240 (1970) ("[T]he standard of proof to be applied in cases where arbitrary and capricious action is charged should be a high one."); *Wagner,* 56 Fed.Cl. at 637 (stating that "[r]eversal of a military correction board's decision requires that the claimant's proof that the decision was arbitrary and capricious, contrary to law or regulation, or unsupported by substantial evidence, be clear and convincing").

▉ The Federal Circuit has stated that "[t]he merits of a service secretary's decision regarding military affairs are unquestionably beyond the competence of the judiciary to review." *Adkins v. United States,* 68 F.3d 1317, 1322 (Fed.Cir.1995); *see also Orloff v. Willoughby,* 345 U.S. 83, 94, 73 S.Ct. 534, 97 L.Ed. 842 (1953) ("While the courts have found occasion to determine whether one has been lawfully inducted and is therefore within the jurisdiction of the Army and subject to its orders, we have found no case where this Court has assumed to revise duty orders as to one lawfully in the service."); *Murphy v. United States,* 993 F.2d 871, 874 (Fed.Cir. 1993) ("[T]he merits of the Air Force's decision to release [this officer] from active duty are beyond judicial reach."). Although the court cannot review "the merits of a decision committed wholly to the discretion of the military," it may review "a challenge to the particular procedure followed in rendering a military decision." *Adkins,* 68 F.3d at 1323; *see also Murphy,* 993 F.2d at 873 (stating that a court may determine whether the procedures followed comport with the statutory or regulatory standard). The case law in-

forms that "military administrators [are presumed to] 'discharge their duties correctly, lawfully, and in good faith.' " *King v. United States,* 19 Cl.Ct. 703, 705 (quoting *Sanders v. United States,* 219 Ct.Cl. 285, 594 F.2d 804, 813 (1979)) *aff'd,* 918 F.2d 186 (Fed.Cir.1990) (unpublished table decision).

**B. Whether the Secretary's Decision to Discharge Plaintiff in the Best Interest of the Service Violated the Applicable Law**

Military Personnel Manual (MILPERS-MAN) 1910–164 governs Separation by Reason of Best Interest of the Service (BIOTS). AR 88. It provides in pertinent part:

> Only the Secretary of the Navy can approve a Best Interest of the Service (BIOTS) separation. The Secretary of the Navy may direct a BIOTS separation of any member prior to the expiration of service after determining that such separation is in the best interest of the service.

> BIOTS processing is only appropriate when the member does not meet the minimum criteria for processing for any other reason.

AR 88.

Defendant argues that because "[t]he Secretary's decision to discharge Mr. Eisenhuth in the best interests of the service was wholly within his discretion," the merits of the Secretary's decision are beyond the reach of judicial review. Def.'s Mot. at 7. In support of its argument, defendant cites *Gilchrist v. United States,* 33 Fed.Cl. 791, 803 (1995). *Id.* In *Gilchrist,* this court held that "the power of the Secretary to effect a discharge in the best interest of the Service is one that lies wholly within his discretion." 33 Fed.Cl. at 803.

Apparently conceding that the merits of the Secretary's decision are nonreviewable, plaintiff does not address this portion of defendant's argument in his responsive briefing. *See generally* Pl.'s Resp. Rather, plaintiff argues that the actions of the BCNR and the Secretary "were procedurally flawed." *Id.* at 3.

1. The Failure of Plaintiff's Commanding Officer to Initiate BIOTS Reprocessing under MILPERSMAN 1910–710

First, plaintiff claims that the actions of the BCNR and the Secretary were inconsistent with MILPERSMAN 1910–710, paragraph (d). *Id.* at 3. MILPERSMAN 1910–710, paragraph (d) authorizes a commanding officer to reprocess a case under a BIOTS separation only if the commanding officer determines that the findings and recommendations of the administrative separation board cannot be approved because the administrative board failed to recognize " 'the overwhelming weight of the evidence of record.' " *Id.* (quoting MILPERSMAN 1910–710). Plaintiff contends that his case fell "squarely within the strictures of MILPERSMAN 1910–710, paragraph (d)" because the BCNR determined that the ASB erred in finding that plaintiff met the requirements for a serious offense separation based on his civilian conviction. *Id.* The BCNR concluded that in view of "the very strong comments in the ... letter and the ... memorandum recommending separation, ... [plaintiff] inevitably would have been reprocessed and discharged" by reason of BIOTS. AR 17. Plaintiff challenges the "inevitably" conclusion of the BCNR as "[m]ere speculation." Pl.'s Resp. at 4. Plaintiff argues that "[i]t [was] unlikely that Plaintiff's Commanding Officer would have considered a BIOTS separation" based on the light punishment he received in connection with the sexual harassment allegations.[1] *Id.* Implicit in plaintiff's assertion that his "Commanding Officer is the authority charged with initiating separation actions," *id.* at 3, is an argument that the failure of plaintiff's Commanding Officer to initiate his BIOTS separation was a procedural error. *See* Def.'s Mot. at 13 (challenging plaintiff's allegations in Compl. ¶¶ 19–20).

Defendant states that MILPERSMAN 1910–164 "requires commanding officers to contact the Bureau of Naval Personnel before beginning administrative discharge proceedings for BIOTS separation to ensure that BIOTS is the most appropriate reason for separation." *Id.* Defendant argues that the regulation applies "in situations where a member's commanding officer decides to initiate the member's discharge for BIOTS" but is not applicable where the service member's discharge was initiated for another reason. *Id.* at 14. Defendant adds that the regulation does not "place procedural limits on the Secretary's plenary authority to discharge a member in the best interest of the service." *Id.* Moreover, relying on this court's reasoning in the recent *Wagner* case, defendant argues that the Secretary's retroactive endorsement of plaintiff's discharge proceedings is " 'strong evidence' " that plaintiff would have been reprocessed and discharged for BIOTS. *Id.* at 17 (quoting *Wagner*, 56 Fed.Cl. at 639).

In *Wagner*, the plaintiff asserted that the decision of the Army Board for Correction of Military Records was contrary to law because the Secretary of the Army did not initially authorize the processing of the service member's release from active duty. 56 Fed.Cl. at 638. The court found that the procedural error caused by the Secretary of the Army's failure to initiate the discharge proceedings was harmless because the endorsement of the plaintiff's discharge proceedings by the Secretary of the Army's delegee was "strong evidence" that the Secretary of the Army would have authorized the discharge proceedings as an initial matter. *Id.* at 638–39.

The court finds the reasoning in *Wagner* persuasive in this case. Here, the BCNR considered plaintiff's challenge to his discharge from the Navy for misconduct based on civilian court conviction and determined that the separation board had misapplied the regulations concerning separation due to civilian conviction. *See* Compl. ¶¶ 10–13. The BCNR concluded, however, upon its review of the evidence, that plaintiff would have been reprocessed for BIOTS separation and recommended the correction of plaintiff's naval record to reflect a BIOTS discharge. *Id.*

---

1. Plaintiff's commanding officer imposed a sentence of forty days ship restriction, forty days extra duties, forfeiture of one-half month's pay for two months, and a punitive letter of reprimand. AR 496. The sentences of forty days ship restriction and forty days extra duties were suspended by plaintiff's commanding officer. *Id.*

¶¶ 14–15. The subsequent approval of the BCNR's recommendation by the designee of the Assistant Secretary of the Navy, *id.* ¶ 15, appears to be, consistent with the finding in the *Wagner* case, "strong evidence" that the Secretary would have authorized the same discharge proceedings as an initial matter. *See* 56 Fed.Cl. at 638–39. The court finds that, in light of the retroactive endorsement of plaintiff's BIOTS separation by the designee of the Assistant Secretary of the Navy consistent with MILSPERSMAN 1910–164, the failure of plaintiff's commanding officer to initiate his BIOTS reprocessing under MILPERSMAN 1910–710 was a harmless procedural error.

2. Plaintiff's Alleged Denial of Notice and Representation Rights under MILSPERSMAN 1910–402 and NAVPERS 1910/32

Plaintiff also argues that the actions of the BCNR and the Secretary improperly denied him the rights of notice and representation afforded under MILPERSMAN 1910–402 [2] and under NAVPERS 1910/32.[3] Pl.'s Resp. at 4–5. Plaintiff complains that he was not afforded the prescribed procedural rights in the context of a BIOTS separation. *Id.* at 5. Specifically, plaintiff claims that, in contravention of NAVPERS 1910/32, he was denied the right: (1) to consult with qualified counsel; (2) to submit a written statement for consideration by the separation authority; and (3) to obtain copies of the documents supporting his proposed separation that were forwarded to the separation authority. *Id.* (citing Naval Personnel Form 1910/32); *see also* Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Judgment Upon the Administrative Record (Pl.'s Reply) at 3 (complaining that "his procedural rights were violated because he was not able to effectively use any of these rights in the context of the approved BIOTS separation"). While acknowledging that he had legal representation before the ASB for separation on the basis of his alleged misconduct, plaintiff

contends that "to effectively utilize counsel," he needed to have been apprised of the "correct basis for the separation." Pl.'s Resp. at 5–6.

Plaintiff asserts that, if the prescribed regulatory procedures had been followed, "a complete record" concerning the appropriateness of a BIOTS separation for plaintiff would have been available to the Secretary for review. *Id.* at 6. He argues that "a complete record" would have included an initial determination by his commanding officer concerning the appropriateness of a BIOTS separation and his arguments against his BIOTS separation. *Id.* Plaintiff states that the denial of his right to representation and to notice of the actual basis for his separation was a denial of his constitutional due process rights under the Fifth Amendment of the Constitution and, therefore, was not harmless error. *Id.* at 6–8. However, plaintiff does not dispute "that BIOTS processing is only appropriate when the member does not meet the minimum criteria for processing for any other reason." Pl.'s Reply at 2.

While defendant argues that the Secretary committed no procedural error, defendant also states that, if any procedural error occurred in plaintiff's separation processing, it was harmless error. Def.'s Mot. at 14. Defendant asserts that, as a general rule, "legal error in a personnel action which does not affect the result of the personnel decision does not entitle a plaintiff to judicial relief." *Id.* at 15 (citing *Cornelius v. Nutt,* 472 U.S. 648, 105 S.Ct. 2882, 86 L.Ed.2d 515 (1985); *Mt. Healthy City Bd. of Educ. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Smith v. USPS,* 789 F.2d 1540 (Fed.Cir. 1986); *Handy v. USPS,* 754 F.2d 335 (Fed. Cir.1985)). Defendant adds that the Court of Claims has applied the same rule to the claims of service members challenging their removal from service, *id.* (citing *Hary v. United States,* 223 Ct.Cl. 10, 618 F.2d 704 (1980)), and that "this Court has recognized the application of a harmless error standard in military correction board cases," *id.* (citing

2. MILPERSMAN 1910–402 outlines the notification procedure for BIOTS processing. Pl.'s Resp. at 4.

3. NAVPERS 1910/32 is the naval personnel form setting out the rights of a service member facing processing by notification procedure. Pl.'s Resp. at 4–5.

*Wagner v. United States,* 56 Fed.Cl. 634 (2003); *Gilchrist,* 33 Fed.Cl. 791 (1995); *Laningham v. United States,* 30 Fed.Cl. 296 (1994); *Braddock v. United States,* 9 Cl.Ct. 463 (1986)).

Defendant contends that the decision to discharge plaintiff by BIOTS merely changed the reason for his discharge but "did not change the outcome of his personnel decision"—an involuntary discharge. *Id.* at 16. Observing that "[t]he record of the BCNR's decision specifically makes note of Mr. Eisenhuth's service record and his family problems in its description of the evidence it considered," *id.* at 17, defendant argues that the BCNR considered the mitigating evidence that plaintiff offered. *Id.* at 18. Defendant asserts that, contrary to plaintiff's assertions, he was afforded, in fact, more than due process based on the administrative proceedings conducted in connection with the allegations of his misconduct. *Id.* Defendant explains that if plaintiff had been processed for discharge originally under BIOTS, he would not have been afforded a right to contest his separation before the administrative separation board, but would have been limited to responding to the separation proceedings in writing. *Id.*

The court agrees with defendant that any errors in the procedures used in connection with plaintiff's separation were harmless. While it does appear that the Navy did not comply with the technical requirements of notice and representation rights as set forth in MILPERSMAN 1910–402 and NAVPERS 1910/32, the court is not persuaded that these procedural errors constituted more than harmless error. Plaintiff does not challenge the substantive evidence considered by either the ASB or the BCNR on its review. Rather, he challenges the procedural manner in which the factual evidence and documents supporting his proposed separation, and the grounds therefor, were presented and reviewed. Plaintiff acknowledges having legal representation before the ASB to challenge his separation on the basis of his alleged misconduct and concedes that BIOTS processing is appropriate when a service member does not meet the minimum criteria for separation processing for any other reason.

Upon review of the evidence in this case, the BCNR recommended correction of plaintiff's naval record to reflect a BIOTS discharge rather than separation based upon civilian court conviction, a recommendation that was subsequently ratified by the designee of the Assistant Secretary of the Navy. As contemplated by MILSPERSMAN 1910–164, plaintiff "[did] not meet the minimum criteria for [separation] processing for any other reason," and the decision to direct his BIOTS separation was squarely within the discretion of the Secretary, a decision indisputably beyond the reach of this court. *See Gilchrist,* 33 Fed.Cl. at 803. Because plaintiff was afforded an opportunity to challenge the merits of his separation prior to the determination that he does not meet the minimum criteria for separation processing for any reason other than BIOTS, the court finds that the Navy's failure to comply with the technical requirements of notice and representation rights for BIOTS processing, as set forth in MILPERSMAN 1910–402 and NAVPERS 1910/32, was harmless error.

C.  Whether the Secretary's Decision to Deny Back Pay and Separation Pay was Contrary to Law

■ Defendant asserts that "[u]nder controlling regulations and legal precedent," plaintiff is not entitled to pay or allowances after the date of his discharge from active duty, July 6, 2001. Def.'s Mot. at 18. Defendant argues that because Title 37, United States Code, Section 204 authorizes pay to those military members serving on active duty or in a training status, "a member who is neither on active duty nor in a training status is not entitled to pay." *Id.* at 19. Defendant adds that "back pay and allowances are allowable only after a determination that the servicemember was subjected to an unauthorized personnel action" at the time of discharge. *Id.* (citing *Palmer v. United States,* 38 Fed.Cl. 316, *aff'd,* 168 F.3d 1310 (Fed.Cir.1999)). Defendant contends that because plaintiff was lawfully discharged, he is not entitled to back pay. *Id.*

Moreover, defendant argues that plaintiff is not entitled to separation pay because the Secretary properly exercised his discretion-

ary authority in denying plaintiff separation pay based on his conduct in sexually harassing subordinates and soliciting a prostitute. *Id.*

Plaintiff asserts that he was the subject of an unjustified personnel action. Pl.'s Resp. at 9. Citing the provisions of 5 U.S.C. § 5596 (addressing back pay due to unjustified personnel action) and 37 U.S.C. § 402 (governing basic allowance for subsistence), plaintiff claims that he is entitled to back pay and allowances from his discharge date of July 6, 2001 until the end of his enlistment period on July 24, 2002. *Id.* Plaintiff also claims that pursuant to SECNAVINST 1900.7G, para. 7(a)(2), he is entitled to separation pay because he has more than six years of active service. *Id.* Plaintiff argues that, in light of the "very light punishment" he received, his more than "15 years of excellent service," and the "very troublesome time in his life during ... which the misconduct was alleged," his case "is not one of those extraordinary cases where denial is appropriate." *Id.* at 10.

SECNAVINST 1900.7G, para. 9(p) states that upon considering "the recommendations and supporting justification provided by the [Chief of Naval Operations]," the Secretary may determine that the "conditions under which the member is separated do not warrant separation pay." AR 97 (containing SECNAVINST 1900.7G). The regulation states that the Secretary's "discretionary authority to deny payment shall be used sparingly," but recognizes that in certain "extraordinary cases," the Secretary may conclude that a service member does not merit separation pay due to the circumstances surrounding his separation. *Id.*

The circumstances surrounding plaintiff's separation in this case as reported to the Secretary by the chairman of the BCNR included the following statement:

> (Petitioner's) misconduct reveals a lack of respect for the Navy's rules, and an even deeper lack of respect for the rights and roles of women. The fact that this behavior spans an extended period of time is indicative of the depth of his disrespect and his inability to perform on a professional level with women in the Navy. His

conviction in civilian court for the solicitation of a prostitute and his harassing statements made to a number of junior female Sailors, for whom he served as a role model, expose his lack of moral character, are service discrediting, and prejudicial to good order and discipline.

AR 7. The court finds that, based on the record evidence in this case, the Secretary's decision not to award separation pay was not inconsistent with his discretionary authority.

Moreover, the "recommendations and supporting justification" detailing the conditions under which plaintiff was separated from the Navy, as set forth in the administrative record, comport with the requirements of SECNAVINST 1900.7G, para. 9(p), *see* AR 97, and do not support a finding that plaintiff was subjected to an unlawful personnel action. Finding no evidence that plaintiff was unlawfully discharged, the court finds as a matter of law that plaintiff is not entitled to back pay and allowances.

III.  Conclusion

For the foregoing reasons, defendant's motion is GRANTED. The Clerk of the Court shall enter judgment for defendant. No costs.

IT IS SO ORDERED.