“This military pay case comes before the court on defendant’s motion for summary judgment and plaintiff’s reply thereto. There is no genuine issue as to any material fact.
“In June 1969 plaintiff was tried and convicted by general court-martial for various violations of the Uniform Code of Military Justice while he was on active duty with the United States Army. Subsequent thereto, while the case was in appellate process, the United States Army Court of Military Beview received information that substantially questioned plaintiff’s sanity. A medical board was convened and on May 1, 1970, with the concurrence of the Surgeon General, it reported that plaintiff was * * suffering from a mental disease so as to be unable concerning the particular acts charged to distinguish right from wrong.’ Defense counsel moved to set aside plaintiff’s conviction and to dismiss the charges against plaintiff. Without opposition from the Government, that motion was granted on July 10,1970. Plaintiff was thereafter separated from the service under honorable conditions with a disability rating of 30 per cent, which rating was later reduced to 10 per cent.
“Plaintiff’s petition now alleges that there was insufficient evidence to support a finding of mental disability. He seeks to recover $200,000 in damages, which includes back pay, and he also requests this court to order defendant to expunge all medical reports, records and documents which show or attempt to show plaintiff as being mentally ill.
“Upon consideration of the parties’ briefs, together with the exhibits attached thereto, this court determines:
“ (1) An objective examination of the relevant facts of this case leads us to conclude that the decision reached by the formal Physical Evaluation Board (PEB) that plaintiff should be separated from the service with a disability rating of 10 percent was reasonable and supported by substantial evidence. Furthermore, since the said decision is not arbitrary or capricious, we affirm the PEB decision. Furlong v. United States, 153 Ct. Cl. 557, 563 (1961); Williams v. United States, 186 Ct. Cl. 611, 614, 405 F. 2d 890, 891, cert. denied, 396 U.S. 966 (1969).
*595 “(2) Plaintiff’s petition infers that the Army Board for Correction of Military Records (ABCMR) incorrectly denied plaintiff a hearing. However, it is clear that plaintiff has no statutory right to a hearing and that the decision as to whether a hearing is necessary is within the discretion of the ABCMR. Armstrong v. United States, 205 Ct. Cl. 754 (1974); Newman v. United States, 185 Ct. Cl. 269 (1968); Kurfess v. United States, 169 Ct. Cl. 486 (1965). In the instant case, since a full hearing had recently been held before the PEB and the transcript of that hearing was available, since the ABCMR had before it all the data submitted by all concerned parties, and since the record does not show that the ABCMR acted arbitrarily in denying the hearing, we conclude that the decision by the ABCMR to not give plaintiff a hearing was not an abuse of discretion. Armstrong v. United States, supra at 764; Kurfess v. United States, supra at 491.
“(3) Plaintiff’s allegation that defendant violated a contract with plaintiff £* * * by placing him on semi-retirement with decreased income’ ignores the well-established principles that £* * * common-law rules governing private contracts have no place in the area of military pay. A soldier’s entitlement to pay is dependent upon statutory right.’ Bell v. United States, 366 U.S. 393, 401 (1961); Abbott v. United States, 200 Ct. Cl. 384, 389 (1973), cert. denied, 414 U.S. 1024 (1973); Keef v. United States, 185 Ct. Cl. 454, 471 (1968); Norman v. United States, 183 Ct. Cl. 41, 49, 392 F. 2d 255, 259 (1968), cert. denied, 393 U.S. 1018 (1969). Thus, there is no basis whatever to plaintiff’s contention that he has an independent action in this court for breach of contract. Plaintiff has no contractual claim against defendant and cannot argue that his discharge deprived him of a property interest protected by the Fifth Amendment to the Constitution. Abbott v. United States, supra.
“(4) Plaintiff’s allegations that defendant ‘wrongfully stigmatized plaintiff with a false and incorrect diagnosis of mental illness’ and as a result, plaintiff was financially damaged, sound in tort and are not within the jurisdiction of this court. Clark v. United States, 198 Ct. Cl. 593, 597, 461 F. 2d 781, cert. denied, 409 U.S. 1028 (1972); Eastport Steamship Corp. v. United States, 178 Ct. Cl. 599, 372 F. 2d 1002 (1967).
*596 “After considering the pleadings, each party’s brief, together with the exhibits attached thereto, without oral argument, this court determines that the plaintiff’s assertions of improper conduct on the part of various military officials is not well taken but, rather, that the record demonstrates that defendant carefully and fully considered plaintiff’s mental condition before discharging him from the service. The record in this case shows that the PEB decision was supported by substantial evidence, was neither arbitrary nor capricious and was in compliance with all procedural requirements. Therefore,
“it is ordered that defendant’s motion for summary judgment be and is hereby 'granted and that the petition be and is hereby dismissed.”
Plaintiff’s petition for a writ of certiorari was denied May 81,1977.