**Luther R. UPSHAW, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 749–87–C.

United States Claims Court.

Aug. 17, 1989.

Allen M. Lenchek, Washington, D.C., for plaintiff.

James M. Kinsella, with whom were Asst. Atty. Gen. John R. Bolton, David M. Cohen and M. Susan Burnett, Washington, D.C., for defendant. Capt. Douglas E. Wade, U.S. Air Force, of counsel.

### OPINION AND ORDER

TURNER, Judge.

Plaintiff, a retired Air Force non-commissioned officer, challenges the adequacy of action taken by the Air Force Board for Correction of Military Records. He claims entitlement to retroactive promotions and back pay based on assertions that the Board failed to grant the full relief that should have resulted from its correction of a legal error in his personnel records. Defendant has filed a motion to dismiss the portion of the complaint seeking retroactive promotions for lack of subject matter jurisdiction pursuant to RUSCC 12(b)(1).[1] This opinion addresses defendant's motion.

---

1. Defendant's motion originally sought dismissal of the entire complaint. However, in its

Because the court lacks power to order a military promotion absent clear statutory entitlement thereto, it is concluded that defendant's motion for partial dismissal should be granted.

## I

Plaintiff retired from U.S. Air Force active duty in 1985 with the rank of Senior Master Sergeant (E–8).[2] Sergeant Upshaw began his twenty-eight-year Air Force career in 1957. During his first eight years of service, plaintiff was promoted four times, averaging one promotion every two years; by October 1965 he had attained the rank of Staff Sergeant (E–5).

In 1969, while serving as an E–5, plaintiff was stationed at Barksdale Air Force Base in Louisiana. Air Force regulations required Sergeant Upshaw's immediate supervisor, who at Barksdale was a civilian, to write the principal portion of plaintiff's Airman Performance Report (APR). However, when plaintiff's APR for the one-year period ending June 1969 came due, his immediate supervisor refused to write the report. Instead, an unauthorized official completed the evaluation, giving plaintiff less than top marks. With this illegal APR in his record, plaintiff's subsequent promotion progress was as follows:

|  | Date |  |
| Rank[3] | Became Eligible[4] | Date Promoted |
| E–6 | September 1, 1969 | July 1, 1973 |
| E–7 | November 1, 1972 | July 1, 1977 |
| E–8 | November 1, 1975 | November 1, 1981 |
| E–9 | December 1, 1978 | —— |

In 1983, Sergeant Upshaw began efforts to secure removal of the illegal evaluation from his records and to reverse what he saw as its detrimental impact on his promotion progress. In April 1985, the Correction Board issued its final decision. Finding that the 1969 APR was completed in an illegal manner, the Correction Board removed it from plaintiff's records and changed his E–6 date of rank from July 1, 1973 to December 1, 1969. However, the Board refused to award plaintiff any retroactive monetary benefits attendant to this records change. Next, the Board found that plaintiff should be given "supplemental promotion consideration to all appropriate grades ... based on the adjusted [E–6 promotion date]." Def. Reply App. at 3. When given supplemental promotion consideration, Sergeant Upshaw was promoted to E–7 and E–8 effective as of earlier dates than he had originally been. His date of rank for E–7 was changed from July 1, 1977 to September 1, 1976, and his E–8 promotion date was changed from November 1, 1981 to August 1, 1981. Plaintiff was not promoted to E–9.

During his last 22 years in the Air Force, Sergeant Upshaw received 28 consecutive perfect performance reports with the sole exception of the illegal 1969 evaluation. Plaintiff's last eight APR's were endorsed by general officers, all of whom highly recommended him for promotion. Plaintiff retired with numerous medals, decorations and commendations.

In his complaint, plaintiff seeks (1) earlier dates of promotion to grades E–7 and E–8 and retroactive promotion to E–9, together with all attendant pecuniary benefits and (2) all pecuniary benefits allegedly due him as a result of the Correction Board's adjustment to his E–6 date of rank. Plaintiff also requests attorney fees and costs.

## II

In its motion to dismiss, as amended, defendant asserts that the court lacks power to order the retroactive promotions sought by plaintiff. Plaintiff counters that

Reply, defendant withdrew that portion of its motion relating to plaintiff's claim for retroactive Technical Sergeant (E–6) pay.

**2.** The facts set forth in text are gleaned from the complaint and are taken as true for the purpose of ruling on the motion to dismiss.

**3.** The ranks used in this table and in the remainder of this opinion are as follows: E–6 = Tech-

nical Sergeant; E–7 = Master Sergeant; E–8 = Senior Master Sergeant; E–9 = Chief Master Sergeant.

**4.** The dates in this column are those on which, according to plaintiff, he would have been eligible for each promotion absent the illegal APR and its resulting retardation of each promotion.

the Correction Board's failure to grant the promotions in question was arbitrary, capricious, unsupported by evidence and in violation of statute, and that, in such circumstances, the Tucker Act, 28 U.S.C. § 1491, gives this court jurisdiction to order the promotions. Plaintiff further contends that a refusal by this court to entertain plaintiff's retroactive promotion claim would leave those in plaintiff's position without recourse, since (1) plaintiff has already exhausted his administrative remedies and (2) Congress no longer permits correction of military records through private bills.

### III

■ It has long been settled that a serviceman's rights are statutory, not contractual. *Bell v. United States*, 366 U.S. 393, 401, 81 S.Ct. 1230, 1235, 6 L.Ed.2d 365 (1961); *Wade v. United States*, 212 Ct.Cl. 593, 595, 553 F.2d 104, *cert. denied*, 431 U.S. 940, 97 S.Ct. 2655, 53 L.Ed.2d 258 (1977). The Tucker Act, 28 U.S.C. § 1491, is the source of this court's power to entertain claims based on statute. A statutory claim can be heard here only if the statute relied upon could fairly be interpreted as mandating recovery of money from the government. 28 U.S.C. § 1491(a)(1); *Duncan v. United States*, 229 Ct.Cl. 120, 138, 667 F.2d 36, 47 (1981), *cert. denied*, 463 U.S. 1228, 103 S.Ct. 3569, 77 L.Ed.2d 1410 (1983).

■ Plaintiff asserts that the Correction Board Act, 10 U.S.C. § 1552, and the Military Pay Act, 37 U.S.C. § 204, possess the requisite money-mandating nature. Unquestionably, these provisions could be interpreted as money-mandating with respect to plaintiff's claim for retroactive E–6 pay—the portion of plaintiff's complaint that is no longer challenged by the instant motion. The Court of Claims held: "In the context of the correction of a military record ... once a discretionary decision is made to correct a record, the grant of appropriate money relief is not discretionary but automatic." *Denton v. United States*, 204 Ct.Cl. 188, 195 (1974), *cert. denied*, 421 U.S. 963, 95 S.Ct. 1949, 44

L.Ed.2d 449 (1975), *accord Sanders v. United States*, 219 Ct.Cl. 285, 301, 594 F.2d 804, 813 (1979). However, with respect to the retroactive promotions and accompanying monetary relief that plaintiff seeks, the statutes cited cannot be read as money-mandating. They could be so interpreted only if the Board's correction of plaintiff's records entitled him to further promotions as a matter of law. *Voge v. United States*, 844 F.2d 776, 782 (Fed.Cir.), *cert. denied*, — U.S. —, 109 S.Ct. 365, 102 L.Ed.2d 355 (1988); *Ewanus v. United States*, 225 Ct.Cl. 598 (1980); *Curry v. United States*, 221 Ct.Cl. 741, 746, 609 F.2d 980, 983 (1979). Clearly, the correction did not have this effect. Any further promotions depended on a discretionary process to which this court must "allow the widest possible latitude." *Sanders*, 219 Ct.Cl. at 302, 594 F.2d at 813.

The Tucker Act contains a provision that might appear to contemplate the retroactive promotions plaintiff seeks. That provision, § 1491(a)(2), provides in pertinent part:

> To provide an entire remedy and to complete the relief afforded by the judgment, the court may, *as an incident of and collateral to* any such judgment, issue orders directing restoration to position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States. In any case *within its jurisdiction*, the court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just. [Emphasis added.]

It is firmly established, however, that the Claims Court's power to order correction of military records under the provision just quoted is confined to those cases in which such relief would be "incident of and collateral to" the award of a money judgment. *Voge*, 844 F.2d at 781. Indeed, the court lacks power to grant *any* affirmative nonmonetary relief under § 1491(a)(2) in a military pay case "unless [that relief] is tied

**735**

and *subordinate* to a monetary award." *Austin v. United States*, 206 Ct.Cl. 719, 723, *cert. denied*, 423 U.S. 911, 96 S.Ct. 215, 46 L.Ed.2d 140 (1975) (emphasis added).

Plaintiff's claim for retroactive promotions cannot pass this test. The mere fact that this claim, if successful, would have monetary relief tied to it does not bring it within the contemplation of § 1491(a)(2). Any monetary award would merely be subordinate to and dependent upon a grant of non-monetary relief, instead of the other way around. As the Court of Claims has observed: "Where a correction board fails to correct an injustice or a passover is challenged *but a back pay claim has not arisen*, plaintiff's remedies, if any, would [lie elsewhere]." *Sanders*, 219 Ct.Cl. at 296 n. 10, 594 F.2d at 810 n. 10. *See also United States v. King*, 395 U.S. 1, 3, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969). Accordingly, plaintiff's claim for retroactive promotions falls outside this court's jurisdiction.

The Federal Circuit's recent ruling in *Voge* reinforces this conclusion. In *Voge*, a U.S. Navy medical officer whose non-selection for promotion had been upheld by a correction board sought an order directing the Navy to set aside her non-selection for promotion and to consider her for a retroactive promotion. *Voge*, 844 F.2d at 778. In upholding the trial court's refusal to entertain this claim, the Federal Circuit declared:

> As we have noted, strong policy reasons compel courts to 'allow the widest possible latitude to the armed services in their administration of personnel matters.' ... Accordingly, absent a statute or regulation entitling a service member to a promotion as a matter of law, the Claims Court has no authority to entertain this claim.

*Voge*, 844 F.2d at 782.

Like the plaintiff in *Voge*, Sergeant Upshaw seeks review of a correction board's promotion decision. Further, as in *Voge*, Sergeant Upshaw fails to designate a statute or regulation that entitles him to promotion as a matter of law. But unlike *Voge*, where plaintiff merely sought a remand with directions to reconsider, Sergeant Upshaw seeks an order that he be promoted. *Voge* dictates that the claim in question cannot be countenanced here.

IV

Defendant's motion to dismiss, as amended, is GRANTED, and it is ORDERED that the complaint, to the extent that it seeks a retroactive military promotion or a remand to the Air Force Board for Correction of Military Records for reconsideration of promotion decisions, is hereby dismissed.