**Gwendolyn Y. HOSKINS, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 03–2005C.**

United States Court of Federal Claims.

June 30, 2004.

---

Charles W. Gittins, Middletown, VA, for plaintiff.

Douglas K. Mickle, with whom were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Bryant G. Snee, Assistant Director, Civil Division, United States Department of Justice, Washington, DC, for defendant. Lieutenant Colonel P. Christopher Clark, Air Force Legal Services Agency, Arlington, VA, of counsel.

## OPINION

HEWITT, Judge.

In this military pay case, the court has before it Defendant's Motion to Dismiss (Def.'s MTD or defendant's motion), Plaintiff's Motion for Judgment on the Administrative Record (Pl.'s MSJ or plaintiff's motion) and Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, Opposition to Plaintiff's Cross–Motion for Judgment on the Administrative Record, and Cross–Motion for Judgment upon the Administrative Record (Def.'s MSJ or defendant's cross-motion).[1] Defendant asserts

---

1. Other filings relevant to this opinion include Plaintiff's Opposition to Motion to Dismiss (Pl.'s Opp.), Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion for

two grounds for dismissal of plaintiff's claims under the Rules of the United States Court of Federal Claims (RCFC): pursuant to RCFC 12(b)(1), defendant asserts that the court lacks jurisdiction "because [plaintiff's claim] is not based upon a money mandating provision"; and, pursuant to RCFC 12(b)(6), defendant asserts that plaintiff's "complaint fails to state a claim upon which relief can be granted, as her promotion to [chief master sergeant] is a nonjusticiable discretionary issue solely within the purview of the military." Def.'s MTD at 1. Plaintiff's motion asserts that the decision of the Air Force Board for Correction of Military Records (AFBCMR) denying plaintiff promotion to chief master sergeant and other relief was "arbitrary and capricious," Pl.'s Mem. at 16, states that there are no genuine issues of material fact, *id.* at 1, and requests judgment on the administrative record pursuant to RCFC 56.1, *id.* Defendant's cross-motion for summary judgment asserts that "the AFBCMR has awarded complete relief [to plaintiff] as required by applicable statutes and regulations," Def.'s MSJ at 19, that the AFBCMR decision regarding plaintiff's claims "is supported by substantial record evidence, [and that] the United States is entitled to judgment upon the administrative record," *id.* at 13–14.

For the following reasons, Defendant's Motion to Dismiss is DENIED, Plaintiff's Motion for Judgment on the Administrative Record is DENIED and Defendant's Cross–Motion for Judgment upon the Administrative Record is GRANTED.

## I. Background [2]

Plaintiff is retired from active-duty service in the United States Air Force (USAF). AR at 166. While serving as a master sergeant

(MSgt) in the USAF, plaintiff received a job performance evaluation (Enlisted Personnel Report or EPR) for the period from July 1, 1989 to March 30, 1990 (the contested EPR) that gave her "downgraded markings" compared to her previous performance evaluations from other raters. Pl.'s Mem. at 2–3. Plaintiff was not selected for promotion to senior master sergeant (SMSgt) beginning with the 1992 promotion cycle, while the contested EPR was part of her personnel file. *Id.* at 3. Plaintiff applied to the AFBCMR to "appeal[ ] the [contested EPR] and her non-selection for promotion." Pl.'s Facts ¶ 7. The AFBCMR denied plaintiff's application in a 2–1 decision, *id.* ¶ 9, but Joe G. Lineberger, then Deputy for Air Force Review Boards, decided to follow the minority of the AFBCMR panel and held that "the contested [EPR] should be voided and removed from the applicant's [plaintiff's] records," AR at 78.

The reasons cited for removing the contested EPR were that the rater was "prejudicial by nature [according to letters from four different individuals]" and that the EPR "contains negative comments and is a clear departure from the applicant's overall manner of performance as recorded on her last seven EPRs." *Id.* Mr. Lineberger concluded that "[g]iven the totality of the evidence presented and the applicant's outstanding performance history, I believe that the benefit of any doubt should be resolved in her favor by voiding the contested EPR and providing reconsideration for promotion to senior master sergeant by all appropriate cycles." *Id.* On August 2, 1994, Mr. Lineberger ordered plaintiff's record to be corrected, that supplemental promotion consideration for the grade of senior master sergeant be provided beginning with the 1992 cycle,[3] and that

Judgment on the Administrative Record (Pl.'s Mem.), Plaintiff's Statement of Material Facts As To Which There Is No Material Issue (Pl.'s Facts), Defendant's Counter–Statement of Facts (Def.'s Counter–Facts), Def.'s Proposed Additional Facts (Def.'s Facts) and the administrative record (AR) filed under seal by the United States.

2. Facts cited to the filings of only one party appear not to be in dispute.

3. Supplemental promotion consideration for a promotion cycle occurs after the original cycle

promoted selected service members to a higher rank. The personnel record of the consideree for supplemental promotion is rated against the records of three service members from the original cycle who were at the required score for promotion and against the records of three service members from the original cycle who were below the required score for promotion. *See* AR at 134 ("We pull 3 records that received the board score you required during the initial board and 3 records that scored a .5 board score below your required score."); *Airman Promotion Program,*

[i]f supplemental promotion consideration results in the selection for promotion to the higher grade, immediately after such promotion the records shall be corrected to show that she was promoted to the higher grade on the date of rank established by the supplemental promotion and that she is entitled to all pay, allowances, and benefits of such grade as of that date.

*Id.* at 77.

Plaintiff was not promoted to SMSgt despite her consideration by supplemental promotion boards for the appropriate promotion cycles. Compl. ¶ 10. Plaintiff then applied for and received a further correction of her military records to include an additional favorable EPR inserted into her sequence of performance evaluations in place of the voided EPR and supplemental promotion consideration of the updated personnel record starting with the 1993 promotion cycle. Pl.'s Facts ¶¶ 12–13; AR at 82. Joe T. Lineberger, Air Force Review Boards Agency Director, ordered the aforementioned corrections on March 7, 1997 and again ordered that

[i]f supplemental promotion consideration results in the selection for promotion to the higher grade, immediately after such promotion the records shall be corrected to show that she was promoted to the higher grade on the date of rank established by the supplemental promotion and that she is entitled to all pay, allowances, and benefits of such grade as of that date.

AR at 82.

Plaintiff received a supplemental promotion to SMSgt in October of 1997, with the date of rank designated July 1, 1993. Pl.'s Facts ¶ 14–15; AR at 46. It appears from the record that the back pay and allowances that were due from this promotion were pro-

cessed for plaintiff. *See* AR at 90 ("Please have the member [plaintiff] sign below requesting we process the action for the back pay and allowances."). The promotion to senior master sergeant entitled plaintiff to supplemental consideration for promotion to chief master sergeant (CMSgt) starting with the 1995 promotion cycle. Pl.'s Facts ¶ 15; AR at 90.

The primary controversy in this case results from the back-dated promotion to SMSgt effective July 1, 1993. Pl.'s Facts ¶ 15. From 1993 to 1997 plaintiff served in the Air Force as a master sergeant, and was rated for her performance in that rank, *see* Compl. ¶ 22 ("All EPRs in plaintiff's record upon supplemental promotion indicated that plaintiff's evaluated grade was Master Sergeant E–7."), but this period of service was also retroactively upgraded to senior master sergeant, with entitlement to supplemental promotion consideration for the rank of chief master sergeant (CMSgt) beginning with the 1995 promotion cycle, Pl.'s Facts ¶ 15. Plaintiff contends that because her competitors for promotion to CMSgt had all been rated for performance as senior master sergeants (SMSgt) during this period, and particularly because her competitors had SMSgt EPRs in their records whereas she only had MSgt EPRs, her chances for promotion to CMSgt were permanently and unfairly disadvantaged. *See* Pl.'s Mem. at 14 ("Under these circumstances, plaintiff could not 'fairly and equitably' compete for promotion with the records of Senior Master Sergeants who actually were evaluated in that grade, because her record did not provide the evaluators with *any* evaluation in the grade of Senior Master Sergeant.").

Plaintiff made numerous attempts, some of them successful, to improve the competitive-

Air Force Instruction 36–2502 § 2.5.2.2., *available at* http://www.e-publishing.af.mil (last visited June 23, 2004) ("The record is then benchmarked with three records one-half point to a point and a half below the board score required for selection, if available, along with three additional records at the board score needed for promotion."). To be selected for supplemental promotion, the consideree must beat the rating of all of the below-pass service members and tie or exceed the rating of at least one passing service member. *See* AR at 134 ("The panel is

given a stack of 7 records to review and they score on a 6–10 scale. You would need to beat all the minus records (.5 below) and tie or exceed at least one of the plus records to become a select [for promotion]."); *Airman Promotion Program*, Air Force Instruction 36–2502 § 2.5.2.4. ("To become a selectee under this process, the airman's record has to be better than all the records below the board score required for selection and equal to or better than at least one of the records that had the score needed for promotion.").

ness of her personnel record for promotion consideration to the rank of CMSgt.

Plaintiff applied to have her EPRs from 1993–97 annotated to reflect her retroactive promotion and to adjust certain raters' recommendations therein to state that she was being recommended for promotion to CMSgt, not for promotion to SMSgt. AR at 34; *see* AR at 21 (email dated October 14, 1997 suggesting that plaintiff apply for EPR annotation); AR at 22 (memorandum dated February 26, 1998 from Evaluation Report Appeal Board responding to plaintiff's application). In February 1998, the Evaluation Report Appeal Board approved plaintiff's request to annotate the 1993–1997 EPRs with the statement "Member supplementally promoted to SMSgt with a retroactive effective date prior to the date this report was rendered." AR at 22; *see* AR at 24–33 (annotated EPRs). But the Appeal Board denied plaintiff's request to edit the text of the raters' recommendations, stating that

> the rating chain was charged with evaluating her based on the grade she was in fact wearing at that time-MSgt. The rating chain can't "retroactively" evaluate her against a different rank and the Board can't change the report to appear as if they did. It is not appropriate, nor feasible, to rewrite history by changing the report to look as if the rating chain was evaluating SMSgt Hoskins against a rank she was not holding (regardless of the supplemental promotion). The recommendations the rating chain made to promote her to "SMSgt" were accurate and based on their assessment of her as a "MSgt" at the time the reports closed-out.

AR at 22.

In May 1998, plaintiff failed to be selected for supplemental promotion to CMSgt for the 1995, 1996 and 1997 promotion cycles, AR at 15, and again petitioned the AFBCMR for relief. Pl.'s Facts ¶ 16; AR at 10–13. Plaintiff requested "[p]romotion to Chief Master Sergeant by the AFBCMR," AR at 10, and the "upgrade of a decoration that was downgraded because of [the contested EPR in 1990] that was later removed from my master personnel records," AR at 12.[4] Before

the AFBCMR rendered its decision, plaintiff was considered for promotion to CMSgt in the regular promotion process in October 1998 and was not selected for promotion. AR at 141.

The AFBCMR received an advisory opinion in February 1999 from the Air Force Personnel Center (AFPC) which recommended denying plaintiff's request for promotion to CMSgt. AR at 140–42. This opinion stated:

> Although the applicant [plaintiff] believes she was not evaluated fairly, there are established supplemental promotion procedures for those members who were not considered during the original board or considered with incorrect data, regardless of the reasons. She was considered based on the policy and procedures used to consider her peers in a similar situation, the same policy and procedures approved by senior management to include the Secretary of the Air Force. There is no indication there were any irregularities in her supplemental consideration or that her case was mishandled in any[ ]way. The applicant was considered in the promotion process to chief master sergeant for the [1998] cycle and was a nonselect. She will be considered in the [1999] cycle in Oct[ober] 1999 (promotions effective Jan[uary 20]00—Dec[ember 20]00). There is no basis for an automatic promotion to CMSgt, as the applicant requests.

AR at 141. Plaintiff's response to this opinion stated:

> I totally disagree with the insinuation written by the AFPC[ ] and want to stress by NO MEANS have I stated or indicated that the supplemental board panel mishandled or there were some irregularities or underhanded dealings. I truly believe the board panel reviewed my Master Sergeant record as unbias[edly] and objectively as they possibly could given the totality of the situation in contrast with the other Senior Master Sergeant records. However, I feel a fair and equal assessment could not have been accomplished based on grouping two different grades (my MSgt record and my

---

4. On the importance of upgrades, see footnote 5 below and accompanying text.

peers['] SMSgt records) for comparison for promotion to Chief Master Sergeant. AR at 145 (excerpt from plaintiff's April 20, 1999 memorandum to the AFBCMR). Plaintiff also commented that she "will be professionally stagnated and hindered the rest of my career." *Id.*

While the AFBCMR decision was pending, plaintiff retired on October 1, 1999 and "was credited with 25 years, 2 months, and 15 days of active duty service." AR at 166. The AFBCMR soon afterward recommended the upgrades of three of plaintiff's awards and decorations, AR at 8, and on December 27, 1999, Joe T. Lineberger, then Air Force Review Boards Agency Director, ordered those upgrades and ordered supplemental promotion consideration[5] for "all appropriate cycles beginning with [the 1993 cycle]," AR at 2. Plaintiff's request for promotion was denied, however, by the AFBCMR:

> In our view, the applicant has been provided the same fair and equitable promotion consideration as others requiring supplemental promotion consideration. Therefore, in the absence of clear and convincing evidence indicating that she was treated differently than other similarly situated individuals, we agree with the recommendation of AFPC[ ] and adopt their rationale as the basis for our decision that the applicant has failed to sustain her burden of establishing that she has suffered either an error or an injustice. Accordingly, the applicant's request for promotion to the grade of chief master sergeant is not favorably considered.

AR at 8.

Plaintiff was considered for supplemental promotion to CMSgt in May 2000 for the 1993, 1995, 1996, 1997 and 1998 cycles, but was not selected for promotion. AR at 186. On July 20, 2001, plaintiff applied to the Director of the Air Force Review Boards Agency for relief. AR at 169–172. Plaintiff cited errors in data used by the May 2000 supplemental promotion board. AR at 170–

71. On September 16, 2001, the Air Force Personnel Center (AFPC) admitted certain of these errors in the use of data in the May 2000 supplemental promotion consideration, and ordered supplemental promotion consideration for CMSgt for plaintiff for the 1995 and 1996 cycles to take place in January 2002. AR at 196. On January 14, 2002, plaintiff received supplemental promotion consideration for CMSgt and again was not selected. AR at 167. Finally, on April 29, 2002, the AFBCMR issued its decision denying plaintiff a promotion to chief master sergeant, stating that:

> After a thorough review of the facts and circumstances of this case, we are of the opinion that the supplemental promotion consideration provided by AFPC[ ] was proper and fitting relief, and no evidence has been presented which would lead us to believe that the applicant was not fairly and equitably considered.

AR at 167–68.

On August 27, 2003, plaintiff sued in this court for "back-pay and allowances in pay-grade E–9 [the grade of chief master sergeant]," "attorney's fees," reinstatement to active duty and "such additional relief as the [c]ourt deems proper and just." Compl. at 6.

## II. Discussion

### A. Standard of Review

#### 1. Jurisdiction

█ When asserting jurisdiction, plaintiff is entitled to rely on the allegations in the complaint, which are favorably construed by the court. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) ("[I]t is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader."), *overruled on other grounds by Davis v. Scherer,* 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139

---

5. An upgraded award "entitled" plaintiff to further supplemental promotion consideration, AR at 140, because awards and decorations constitute part of a service member's personnel file which is reviewed by the supplemental pro-

motion board, *see Airman Promotion Program,* Air Force Instruction 36–2502 Table 2.2 Rule 7 (showing that an upgraded award or decoration has greater value in the scoring of a personnel record for promotion consideration).

(1984). However, "[f]act-finding is proper when considering a motion to dismiss where the jurisdictional facts in the complaint ... are challenged." *Moyer v. United States,* 190 F.3d 1314, 1318 (Fed.Cir.1999). "If a motion to dismiss for lack of subject matter jurisdiction ... challenges the truth of the jurisdictional facts alleged in the complaint, the ... court may consider relevant evidence in order to resolve the factual dispute." *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 747 (Fed.Cir.1988).

"Because the motion is brought pursuant to [the predecessor rule to RCFC 12(b)(1)] and raises jurisdictional issues, the filing of materials outside the pleadings does not call for consideration of the motion as one for summary judgment." *Al Johnson Constr. Co. v. United States,* 19 Cl.Ct. 732, 733 (1990). The court may review the record and resolve disputed facts. *Id.* ("While the un-challenged allegations of the complaint are taken as true for purposes of ruling on the motion, the court may inquire, by affidavits or otherwise, into facts necessary to support jurisdiction, and may resolve disputed facts." (citation omitted)). Plaintiff must adduce "relevant, competent proof to establish jurisdiction." *Puerto Rico v. United States,* 44 Fed.Cl. 618, 621 (1999) (citing *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). Plaintiff "bears the burden of establishing subject matter jurisdiction by a preponder-ance of the evidence." *Reynolds,* 846 F.2d at 748.

This court has jurisdiction under the Tuck-er Act "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Con-gress or any regulation of an executive de-partment." 28 U.S.C. § 1491(a)(1). A plain-tiff must not rely solely on the Tucker Act, however; she must also "assert a claim un-der a separate money-mandating constitu-tional provision, statute, or regulation, the violation of which supports a claim for dam-ages against the United States." *James v.*

*Caldera,* 159 F.3d 573, 580 (Fed.Cir.1998). A service member is entitled to basic pay as "'a member of a uniformed service who is on active duty.'" *Adkins v. United States,* 68 F.3d 1317, 1321 (Fed.Cir.1995) (quoting 37 U.S.C. § 204(a)(1) (1988[6])). "If [full-time ac-tive duty service members] are wrongfully denied the benefits of that status, they have a cause of action under the Tucker Act; section 204(a)(1) is money-mandating." *Palmer v. United States,* 168 F.3d 1310, 1314 (Fed.Cir.1999) (citations omitted). Full-time active duty service members "are entitled to the pay and allowances attributable to their rank and station." *Id.*

Retroactive promotions for service mem-bers separated from the armed services have faced jurisdictional challenges in this court, on the grounds that there is no entitlement to the pay for a grade not attained. *See* Def.'s MTD at 8 n. 3, 9–12 (listing cases). In the past, this court has been found to be without jurisdiction to consider the merits of the promotion decision, for lack of a money-mandating statute. *See, e.g., Upshaw v. United States,* 17 Cl.Ct. 732, 734 (1989) (stat-ing that "with respect to the retroactive pro-motions and accompanying monetary relief that plaintiff seeks, the statutes cited[7] [the Corrections Board Act, 10 U.S.C. § 1552 (1988), and the Military Pay Act, 37 U.S.C. § 204 (1988) ] cannot be read as money-man-dating. They could be so interpreted only if the [AFBCMR]'s correction of plaintiff's rec-ords entitled him to further promotions as a matter of law."). While this jurisdictional issue is far from settled, recent precedent suggests that military promotion claims are within the jurisdiction of this court. *See Dysart v. United States,* 369 F.3d 1303, 1315 (Fed.Cir.2004) ("Because the Military Pay Act is a money-mandating statute, the gener-al rule 'that one is not entitled to the benefit of a position until he has been duly appointed to it,' *United States v. Testan,* 424 U.S. 392, 402[, 96 S.Ct. 948, 47 L.Ed.2d 114] ... (1976), is inapplicable.").

---

**6.** The proposition for which the *Adkins* court cited 37 U.S.C. § 204(a)(1) has been unaffected by subsequent amendments to the provision.

**7.** The proposition for which the Corrections Board Act and the Military Pay Act were cited in *Upshaw* has not been affected by subsequent revisions and amendments to the respective stat-utory provisions.

### 2. Justiciability

"In evaluating [a Rule 12(b)(6)] motion, the court must accept all well-pled factual allegations as true and draw all reasonable inferences in the plaintiff[']s favor." *Ainslie v. United States*, 355 F.3d 1371, 1373 (Fed.Cir. 2004). "Dismissal for failure to state a claim under Rule 12(b)(6) is proper only when a plaintiff 'can prove no set of facts in support of his claim which would entitle him to relief.'" *Leider v. United States*, 301 F.3d 1290, 1295 (Fed.Cir.2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)), *cert. denied*, 538 U.S. 978, 123 S.Ct. 1786, 155 L.Ed.2d 666 (2003). If "matters outside the pleading are presented to and not excluded by the court, the [RCFC 12(b)(6)] motion shall be treated as one for summary judgment." RCFC 12(b).

 This court must abstain from reviewing military decisions when those decisions are beyond the competence of civilian judges. *See Sargisson v. United States*, 913 F.2d 918, 921 (Fed.Cir.1990) (stating that a personnel decision taken by the Secretary of the Air Force is "beyond the ken of judicial competence; it is nonjusticiable"); *Murphy v. United States*, 993 F.2d 871, 873 (Fed.Cir. 1993) ("We have emphasized that judicial review is only appropriate where the Secretary's discretion is limited, and Congress has established 'tests and standards' against which the court can measure his conduct." (quoting *Sargisson*, 913 F.2d at 922)). But even where Congress gives the military unlimited discretion, military regulations provide an "inherent" test or standard against which the court can measure the military's conduct. *Murphy*, 993 F.2d at 873. This court thus has the power to decide "whether [military] procedures were followed by applying the facts to the statutory or regulatory standard." *Id.*

 When service members have requested back pay from this court for pay grades not attained due to an allegedly improper non-selection for promotion, the substantive military promotion decisions have been found to be nonjusticiable. *See, e.g., Fluellen v. United States*, 225 F.3d 1298, 1304 (Fed.Cir.2000) (finding an AFBCMR's decision concerning the plaintiff's prospects

for promotion nonjusticiable); *Strickland v. United States*, 36 Fed.Cl. 651, 655 (1996) ("Military promotion decisions are nonjusticiable issues."); *Longhofer v. United States*, 29 Fed.Cl. 595, 604 (1993) (stating that "with regards to plaintiff's request for promotion, there is no justiciable controversy for this court to adjudicate"). Military promotion decisions are reviewable in this court, however, for procedural violations of regulations or statutes. *See, e.g., Dysart*, 369 F.3d at 1315 (stating that "[i]n general, the subject of military promotions is beyond the competence of courts to review," but also stating that "redress may be afforded for a promotion improperly denied"); *Haselrig v. United States*, 333 F.3d 1354, 1355, 1357 n. 3 (Fed.Cir.2003) (reviewing Air Force special promotion selection boards' procedures and finding that these "reflect a permissible construction of [the governing statute]," but noting that "the merits of such a decision [of the particular board denying plaintiff's non-selection for promotion] are not subject to judicial review").

### 3. Judgment on the Administrative Record

"Motions for judgment on the administrative record filed pursuant to [RCFC 56.1] are reviewed under the same standards as motions for summary judgment." *Eisenhuth v. United States*, 59 Fed.Cl. 460, 462 (2004). Summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." RCFC 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (quoting the almost identical language of Rule 56(c) of the Federal Rules of Civil Procedure). There are differences between RCFC 56.1 motions and RCFC 56 motions, however. *Colorado Constr. Corp. v. United States*, 57 Fed.Cl. 648, 650 (2003). Unlike a RCFC 56 movant, the RCFC 56.1 movant must rely on the administrative record for the facts necessary to its motion. *Pence v. United States*, 52 Fed.Cl. 643, 645 (2002) (stating that "the Court's review is necessarily limited to the record before the AFBCMR as informed by

the parties' Statements and Counter–Statements of Facts submitted to this Court").

"[A]ll evidence must be construed in the light most favorable to the party opposing summary judgment." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 601, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). However, "[a] nonmoving party's failure of proof concerning the existence of an element essential to its case on which the nonmoving party will bear the burden of proof at trial necessarily renders all other facts immaterial and entitles the moving party to summary judgment as a matter of law." *Dairyland Power Coop. v. United States,* 16 F.3d 1197, 1202 (Fed.Cir.1994). When the court considers cross-motions for summary judgment, each motion is evaluated under the same standard. *Cubic Def. Sys., Inc. v. United States,* 45 Fed.Cl. 450, 457 (1999).

The scope of review for challenges to military correction board decisions in this court is " 'limited to determining whether a decision of the Correction Board is arbitrary, capricious, unsupported by substantial evidence, or contrary to applicable statutes and regulations.' " *Heisig v. United States,* 719 F.2d 1153, 1156 (Fed.Cir.1983) (quoting *de Cicco v. United States,* 230 Ct.Cl. 224, 677 F.2d 66, 70 (1982)). A plaintiff must present " 'cogent and clearly convincing evidence' " to prevail in a challenge to a military correction board decision. *Dodson v. United States Gov't, Dep't of the Army,* 988 F.2d 1199, 1204 (Fed.Cir.1993) (quoting *Arens v. United States,* 969 F.2d 1034, 1037 (Fed.Cir.1992)).

**B. Analysis**

**1. Jurisdiction**

■ Defendant argues that plaintiff's claims "ask[ ] for the pay to which she would be entitled if, and only if, she had actually been promoted to CMSgt." Def.'s MTD at 12. Because the desired promotion never occurred, defendant asserts that plaintiff's claims have not "ripened" into a claim for " 'actual, presently due money damages.' " *Id.* at 11 (quoting *United States v. King,* 395 U.S. 1, 3, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969)). Defendant concludes that this court's jurisdiction is limited to actual, presently due money damages and that plaintiff's claims are not within this limited jurisdiction. *Id.* at 12.

As defendant notes, however, *see id.* at 8 n. 3 ("The issue of whether a claim failing to allege a money mandating statute should be dismissed for lack of subject matter jurisdiction or failure to state a claim upon which relief can be granted is not settled."), there are decisions in this circuit which question the propriety of dismissing military pay claims on jurisdictional grounds, *see, e.g., Moyer v. United States,* 190 F.3d 1314, 1321 n. 3 (Fed.Cir.1999) (stating that "[a]lthough in *Palmer v. United States,* 168 F.3d 1310, 1313 (Fed.Cir.1999), we questioned the use of dismissals for lack of jurisdiction when actually the claim in dismissal is for failure to state a claim upon which relief can be granted ..., which is arguably the case here, we have never found such disposition to be reversible error"); *Reeves v. United States,* 49 Fed.Cl. 560, 565 (2001) (stating that the issue of failing to identify a money-mandating statute is properly addressed as failure to state a claim upon which relief can be granted). *Compare Moyer,* 190 F.3d at 1321 (stating that this court "correctly dismissed [plaintiff's military pay] complaint for lack of jurisdiction") *with Palmer,* 168 F.3d at 1313 (holding that this court "clearly had subject matter jurisdiction" over the military pay claim of a reservist, despite an eventual finding that no money-mandating statute entitled the plaintiff to relief).

A non-frivolous allegation of a money-mandating statute, together with Tucker Act jurisdiction, is sufficient to withstand a motion to dismiss on the basis of lack of jurisdiction. *See Fisher v. United States,* 364 F.3d 1372, 1377 (2004) (stating that "when a Tucker Act plaintiff makes a non-frivolous allegation that a particular statute is reasonably amenable, with fair inferences drawn, to a reading that it mandates money damages, a basis for jurisdiction is stated"); *see also Gollehon Farming v. United States,* 207 F.3d 1373, 1379 (Fed.Cir.2000) (holding that the lack of a money-mandating statute was not a "jurisdictional flaw," when a non-frivolous allegation concerning the money-mandating nature of an implicated statute had been made to-

gether with an assertion of valid Little Tucker Act, 28 U.S.C. § 1346(a)(2) (2000), jurisdiction). Here, plaintiff has alleged Tucker Act jurisdiction over her back-pay claims, Compl. at 1, and that the Military Pay Act, a money-mandating statute, also applies to her claims, Pl.'s Opp. at 8. These allegations do not appear to the court to be frivolous, especially in the light of the Federal Circuit's recent opinion in *Dysart*. *See* 369 F.3d at 1315 (stating that "redress may be afforded for a [military] promotion improperly denied"). *Dysart* clearly states that the Military Pay Act is a money-mandating statute for improperly denied promotions in the military. *Id.*

Because plaintiff has withstood defendant's challenge to the court's jurisdiction, the court now turns to the question of whether plaintiff has stated a claim upon which relief can be granted. *See Palmer*, 168 F.3d at 1313 (stating that "the question of whether in a specific case a court is able to exercise its general power with regard to the facts peculiar to the specific claim . . . is properly addressed as a question of whether the plaintiff has stated a claim upon which relief can be granted").

### 2. Justiciability

■ Although defendant's motion to dismiss on the alternative basis of nonjusticiability is a Rule 12(b)(6) motion, it must be decided under the motion for summary judgment standard because an administrative record has been filed in this case and the evidence therein is necessary to the disposition of defendant's motion. *See* RCFC 12(b) (stating that if "matters outside the pleading are presented to and not excluded by the court, the [RCFC 12(b)(6)] motion shall be treated as one for summary judgment.") To

prevail on the basis of nonjusticiability of plaintiff's claims, defendant must show that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. RCFC 56.

Only the procedure, not the merits, of military promotion decisions may be challenged in this court. *See Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed.Cir.2002) (discussing judicial review of military promotion decisions and stating that "[w]here . . . review is sought not of the substance of the military decision, but instead its compliance with an applicable statute or regulation, we have not abstained from review"). Defendant asserts that plaintiff's claims for retroactive promotion do not allege any procedural defects in her consideration for promotion by the AFBCMR. *See* Def.'s MTD at 15 (stating that "Ms. Hoskins has not alleged any procedural violations by the AFBCMR in its decision not to recommend her promotion to CMSgt"). The court is able, notwithstanding defendant's assertion, to discern a procedural challenge in plaintiff's claims.

Plaintiff specifically alleged in her complaint that her record, upon which promotion decisions were made, "included no EPRs evaluating service in the grade of E–8, Senior Master Sergeant." Compl. ¶ 22.[8] Plaintiff alleges that her record, as presented for promotion consideration, was not fair and equitable. Pl.'s Opp. at 13 (stating that "plaintiff could not fairly and equitably compete for promotion with the records of Senior Master Sergeants who actually were evaluated in that grade because her record did not provide the evaluators with any evaluation in the grade of Senior Master Sergeant"). Because plaintiff has alleged a procedural flaw

---

**8.** It appears that plaintiff's military record eventually included some EPRs in the grade of SMSgt, for her service after her promotion in 1997. *See* AR at 146 (Plaintiff's April 20, 1999 memorandum to the AFBCMR ("I currently have two (2) enlisted performance reports (EPR) (closeout Oct 97 and Jun 98) . . . written as a Senior Master Sergeant. Theoretically it should be seven (7) EPRs . . . written as a Senior Master Sergeant."). These later EPRs for service as a SMSgt do not discredit plaintiff's allegation that supplemental promotion consideration boards reviewing her records for promotion cycles prior to 1997 were reviewing records "containing *no*

evaluations of her performance in the grade of Senior Master Sergeant." Pl.'s Opp. at 12. And, even if the later EPRs in the rank of SMSgt did constitute part of plaintiff's records for some later promotion cycles, that inclusion would not be inconsistent with plaintiff's allegation that she would have needed SMSgt EPRs for the 1993–97 years to be fairly considered for promotion along with her peers. *See id.* at 13 (stating that the AFBCMR could have given " 'thorough and fitting relief' by changing the grade reflected on her military performance evaluations to reflect that she actually served as a Senior Master Sergeant" (quoting *Dodson,* 988 F.2d at 1204)).

in her consideration for promotion, and because she has alleged that this procedural flaw was not remedied by the AFBCMR's final decision of April 29, 2002, she has presented a justiciable issue for the court.

### 3. Judgment on the Administrative Record

■ Plaintiff alleges that the actions[9] of the AFBCMR were arbitrary and capricious because they did not provide her with thorough and fitting relief in correcting her records and ordering her consideration for promotion based on the corrected records. Pl.'s Mem. at 16. Defendant argues that "the AFBCMR provided full and fitting relief to [plaintiff]." Def.'s MSJ at 16. For the following reasons, the court finds that plaintiff has not shown by clear and convincing evidence that the AFBCMR decision was "arbitrary, capricious, unsupported by substantial evidence, or contrary to applicable statutes and regulations." *Heisig*, 719 F.2d at 1156 (quotation omitted).

Plaintiff relies principally[10] on two decisions, *Yee v. United States*, 206 Ct.Cl. 388, 512 F.2d 1383 (1975) and *Roth v. United States*, 56 Fed.Cl. 239 (2003), which found Corrections Board actions related to military promotions to be arbitrary and capricious.

In *Yee*, an Air Force captain was "erroneously discharged" and unjustly reviewed for promotion shortly after his return to active duty. 512 F.2d at 1384, 1386. As a result, the plaintiff's record contained an unexplained five-year gap in performance evaluations and a "pass over" (non-select) for promotion. *Id.* The plaintiff was accorded "partial correction" by the AFBCMR when it removed the pass over from his records.

*Id.* at 1386. The plaintiff continued to be passed over for promotion and was discharged due to the pass overs. *Id.* at 1385. The court noted that the Air Force had "failed either to place an adequate explanation in plaintiff's record of the 5–year gap in [officer performance evaluations] (which was admittedly caused by Air Force error) or to withhold plaintiff's name from submission to [promotion] Boards until sufficient time had elapsed for plaintiff to accumulate [performance evaluations]." *Id.* at 1386. The actions of the AFBCMR in that case "did not succeed in removing an injustice, but rather in perpetuating one," according to the court. *Id.* at 1388.

The United States Court of Claims held in *Yee* that the AFBCMR final decision denying relief to the plaintiff was "arbitrary and capricious." *Id.* at 1386. The court granted additional corrections to the plaintiff's records including removing the subsequent pass overs and his discharge. *Id.* at 1388. The court also granted the plaintiff retroactive reinstatement to active duty at his former rank. *Id.* The court directed the Secretary of the Air Force to add an "adequate explanation of the 5–year gap [and the new 2–year gap in the plaintiff's military record caused by the retroactive reinstatement], making it clear that these gaps were not caused by any fault on the part of plaintiff." *Id.* The court also "urge[d] the Secretary to consider the scheduling of possible future evaluations of plaintiff by [promotion] Boards consistent with the spirit [of the court's grant of relief]." *Id.* The court refused, however, to grant a promotion to the grade of Major, stating that "[c]ourts are not generally in the 'promotion business.'" *Id.*

---

9. The court agrees with defendant that the AFBCMR action at issue is the final decision of April 29, 2002 denying plaintiff promotion to CMSgt. Def.'s MSJ at 15 n. 9.

10. Plaintiff also relies on *Porter v. United States*, 163 F.3d 1304 (Fed.Cir.1998) and *Richey v. United States*, 322 F.3d 1317 (Fed.Cir.2003) for holdings concerning the requirements of 10 U.S.C. § 628(b) (1994 and 2000 (identical text)) (addressing the procedure for determining whether a non-selectee for promotion for whom there was "material" error in promotion consideration should be recommended for promotion). Pl.'s

Reply at 5–6. The court notes that section 628(b) applies to officers, *see, e.g.,* § 628(b)(1) ("In the case of an officer ...."), not enlisted personnel, and is inapposite here. The *Yee* and *Roth* decisions also concerned officer promotions, but are discussed below because the analysis by the court on somewhat analogous facts in those decisions is alleged to support plaintiff's arguments. Pl.'s Reply at 4–5. The *Porter* and *Richey* decisions are only relevant, however, in the court's view, to the issue of this court's scope of review of military promotions, and are cited *infra* at note 12.

The court observed that *Yee* was a "close case" decided "on the facts presented." *Id.* at 1386. Here, the facts presented are quite different. *Yee* reviewed an officer's attempts to be reinstated and promoted after the inadequately explained five-year gap in his performance evaluations had gone uncorrected by the Air Force. *Id.* at 1386. Here, plaintiff Hoskins had a corrected military record which eventually included a replacement EPR to counterbalance the absence of a voided and removed EPR that evaluated just nine months of service. Pl.'s Facts ¶¶ 5, 13. The plaintiff in *Yee* had no performance evaluations for a period of five years, 512 F.2d at 1386, whereas plaintiff here had performance evaluations for the contested 1993–96 period, albeit at a lower rank-the one she actually held-rather than at the rank to which she was retroactively promoted, AR at 24–33. Plaintiff also received corrected decorations and awards for her records to reflect her corrected EPR and her retroactive promotion. AR at 2, 5–6. Here, the Air Force has corrected plaintiff's records to reflect her service and plaintiff has not proved by clear and convincing evidence that the relief provided by the AFBCMR was arbitrary or capricious.

In *Roth,* an Air Force captain received an unjust downgraded performance evaluation, then experienced two subsequent pass overs for promotion and was involuntarily separated from the service due to the pass overs. 56 Fed.Cl. at 242. The AFBCMR granted the plaintiff initial relief which eventually restored him to active duty and, because his corrected record had been selected for promotion by a special promotion board, his return to service was at a retroactively dated rank of major. *Id.* at 243. This retroactive reinstatement and promotion caused a twenty-nine-month gap in his performance evaluations as a major. *Id.* As a consequence, the plaintiff was again passed over for promotion, this time for promotion to lieutenant colonel, "causing his mandatory retirement." *Id.* The AFBCMR denied the plaintiff further relief. *Id.*

This court in *Roth* held that "the AFBCMR's decision [was] ... arbitrary and capricious where it has produced findings in clear violation of operative statutory and case law." *Id.* at 248. This court specifically relied upon the statutory requirements for Selection Boards for its finding that the AFBCMR utilized the wrong legal standard in denying the plaintiff relief. *See id.* (referring to 10 U.S.C. §§ 576, 615 (2000) and § 5706 (repealed)). The plaintiff in *Roth* had alleged numerous uncorrected errors in the plaintiff's record that could be traced to the original unjust performance evaluation, and this court summarized them and other issues under review in this list:

> (1) the AFBCMR's denial of relief for the alleged unlawful basis for plaintiff's CY93 and CY94 promotion non-selections; (2) those non-selections allegedly occurred due to plaintiff's incomplete or otherwise inaccurate record; (3) plaintiff's record was incomplete or inaccurate due in part to the AFBCMR's alleged failure to adequately account for a 29–month gap in service (for which notations were made in plaintiff's record reflecting that he was inactive); (4) that 29–month gap however was through no fault of plaintiff, but instead the result of unlawful actions by the Air Force in 1984; and (5) other alleged errors or inaccuracies in plaintiff's record include reduced OER [performance evaluations] indorsements in 1984 and 1985, notations of corrections on plaintiff's 1984 OER, end of tour honors earned in 1987 and 1989 but not awarded, and an un-rated 11–month period of active service, all of which are rooted in the same 1984 unlawful acts by the Air Force.

*Id.* at 245. This court found that the Air Force had admitted to four uncorrected errors in the plaintiff's military record and had recommended to the AFBCMR the correction of those errors, but noted that the AFBCMR had not made the recommended corrections.[11] *Id.* at 246. This court ordered "[1] reinstatement [of the plaintiff to active

---

11. These errors included a missing performance evaluation for eleven months of active service, "unjust lower indorsements" on three performance evaluations, lack of an end of tour decora-

tion and denial of special promotion consideration for two promotion cycles. *Roth,* 56 Fed.Cl. at 246.

duty as a] ... major, [2] back pay, allowances and other benefits, [3] complete non-prejudicial correction of his military service records, and [4] voidance of promotion non-selection[ ] for [two promotion cycles]." *Id.* at 241.

Here, unlike the plaintiff in *Roth,* plaintiff Hoskins received all of the corrections recommended by the Air Force entities advising the AFBCMR, and received supplemental promotion consideration based on these corrected records. *See* AR at 2–9, 22–34, 78, 82. The plaintiff's records in *Roth* had an aggregate gap in performance evaluations of forty months, 56 Fed.Cl. at 249, whereas here an original nine month gap in EPRs was corrected by a replacement EPR, AR at 82. Finally, the court notes that *Roth* is persuasive, not controlling, authority for this case.[12] Plaintiff here has not proved by clear and convincing evidence that the AFBCMR relief afforded her was arbitrary and capricious.

Both *Yee* and *Roth* reviewed AFBCMR decisions related to officer promotions. Both of these decisions relied on *Weiss v. United States,* 187 Ct.Cl. 1, 408 F.2d 416, 418 (1969) for the interpretation of 10 U.S.C. § 5706 (repealed, now § 576 and § 615) that officers' military records submitted for promotion must be "complete and not misleading." *Weiss,* 408 F.2d at 418; *Yee,* 512 F.2d at 1387 n. 7; *see Roth,* 56 Fed.Cl. at 246 n. 13 (citing *Weiss,* 408 F.2d at 419, for the proposition that "placing before a promotion board incomplete documents that are prejudicial in nature cannot fairly portray an officer's record which constitutes a clear violation of statute, to wit, 10 U.S.C. §§ 576 and 615, formerly § 5706"). These statutes do not apply to the instant case, because plaintiff here was not an officer, and was not going before a Selection Board for officer promotion. *See* 10 U.S.C. § 615 (2000) (prescribing "[i]nformation furnished to selection boards" for regular officer promotion); 10 U.S.C. § 576 (2000) (prescribing "[i]nformation to be furnished to selection boards; selection procedures" for warrant officers).

Plaintiff has cited no statutory or regulatory standard for the information to be furnished to a Supplemental Promotion Board for enlisted personnel promotion, or to caselaw providing such a standard.

With no procedural standard before the court, it is impossible for the court to find by clear and convincing evidence that plaintiff has proved that the AFBCMR decision regarding the correction of plaintiff's records for promotion consideration was arbitrary or capricious. If the court were to find otherwise, the court would be functioning as a super-correction board, *see Voge v. United States,* 844 F.2d 776, 782 (Fed.Cir.1988) (stating that the "court does not function as 'a sort of super Correction Board'" (citation omitted)), and would be deciding the merits of plaintiff's request for promotion, *Fisher,* 364 F.3d at 1382 ("A court may decide whether the military has complied with procedures set forth in its own regulations because those procedures by their nature limit the military's discretion. Such a case presents a justiciable controversy because the 'tests and standards' against which the court measures the military's conduct are inherent in the requirements of the applicable regulation itself." (citations omitted)). The court reviews the procedures of military promotion decisions in the military, not the substance of those decisions. *Lindsay,* 295 F.3d at 1257–58.

The court has also reviewed policies and procedures for supplemental promotion consideration and found no procedural error on the part of the Air Force in its supplemental promotion consideration of plaintiff. *See supra* notes 3–4; *cf. Heisig,* 719 F.2d at 1156 (stating that military service decisions contrary to "'mandatory published procedure of a substantive nature'" are reviewable by this court (citing *Clayton v. United States,* 225 Ct.Cl. 593, 595, 1980 WL 13179 (1980))). Plaintiff has alleged no procedural error in the deliberations of the AFBCMR. Instead, plaintiff urges that her records considered

---

12. The court notes that this court in *Roth* appears to have relied on *Hary v. United States,* 223 Ct.Cl. 10, 618 F.2d 704, 707 (1980), for its standard of review of administrative error in military officer promotions, that of deciding whether an

error "substantially affected" the adverse action taken against the plaintiff. 56 Fed.Cl. at 245, 246 n. 13. This approach was overruled by statute as noted in *Porter,* 163 F.3d at 1317–18, 1324, and *Richey,* 322 F.3d at 1323–24.

for promotion were not "substantially complete and fair." Pl.'s Reply at 4. The essence of plaintiff's claim in this case is that the supplemental promotion consideration procedure, as applied to retroactively promoted enlisted personnel in the Air Force, is unfair unless that procedure first changes the service member's EPRs for the intervening period of service to reflect service in the retroactively promoted grade. *See* Pl.'s Reply at 3 (restating conclusions in letters plaintiff submitted to the AFBCMR that "plaintiff did not and could not have been fairly evaluated without a single evaluation as a Senior Master Sergeant and without further correction of her record to reflect that she had served in the grade of Senior Master Sergeant").

In a somewhat analogous case,[13] the plaintiff in a military reinstatement and back pay case questioned the overall fairness of a special Air Force promotion procedure that also considered corrected military records after the original promotion cycle had passed. *Haselrig,* 333 F.3d at 1355. Although that case, unlike the case at hand, reviewed officer promotions by Special Selection Boards (SSB) for compliance with 10 U.S.C. § 628, *id.,* the Federal Circuit's reasoning is instructive. Based on the statute and caselaw interpreting the statute, the court required that the SSB "must yield a reasonable determination as to whether the officer would have been selected if his pertinent records had been properly considered by the prior board, unfettered by material error." *Id.* at 1356 (citation omitted).

Plaintiff has previously requested that the Air Force edit some of her EPRs to reflect performance in a grade which she did not hold at the relevant time, *see* AR at 34 (Application for Correction/Removal of Evaluation Reports) (requesting that "rater's

[comments] and rater's rater's comments [be] changed"), and apparently believes those changes would be fair, Pl.'s Mem. at 12–13 ("Plaintiff was entitled to the back-pay in the higher grade of Senior Master Sergeant for the period post 1 July 1993, ... so she could be no less entitled to a record that reflected evaluations and decorations in that grade during the same period."). But the "pertinent records" for supplemental or special promotion consideration must include the actual ratings the service member received for the performance required by their actual rank at the time, unless those ratings have been voided for some other reason. *See* AR at 22 (Evaluation Report Appeal Board memorandum) ("It is not appropriate, nor feasible, to rewrite history by changing the report to look as if the rating chain was evaluating SMSgt Hoskins against a rank she was not holding (regardless of the supplemental promotion). The recommendations the rating chain made to promote her to 'SMSgt' were accurate and based on their assessment of her as a 'MSgt' at the time the reports closed-out."). The court cannot order the Air Force to fabricate hypothetical evaluations. And, it is not within the competence of this court to devise a mechanism for retroactive promotions that would be an improvement over the policy and procedures used by the Air Force. *See Yee,* 512 F.2d at 1388 ("Courts generally are not in the 'promotion business.' ").[14]

The AFBCMR final decision in this case related to plaintiff's request for promotion was not " 'arbitrary, capricious, unsupported by substantial evidence, or contrary to applicable statutes and regulations.' " *Heisig,* 719 F.2d at 1156 (citation omitted).

13. Neither of the parties cited to *Haselrig,* 333 F.3d 1354. The court points to *Haselrig* to demonstrate that this court may review a special promotion board procedure against the statute authorizing such a procedure. *See* 333 F.3d at 1356 (stating that the Air Force special promotion board procedure "carr[ies] out the mandate of 10 U.S.C. § 628(b)(2)" and "explicitly carr[ies] out what the statute requires"). Here, neither party has suggested the existence of a statute or regulation, and the court is aware of none, against which enlisted personnel supplemental promotion procedures can be measured.

14. A plaintiff disappointed by the relief offered by what courts perceive to be the existing state of the law may address its claims to Congress through the congressional reference case mechanism. *See* 28 U.S.C. § 1492 (2000) and 28 U.S.C. § 2509 (2000). In a congressional reference case, this court is directed to "inform Congress whether the [referred] demand is a legal or equitable claim or a gratuity, and the amount, if any, legally or equitably due from the United States to the claimant." 28 U.S.C. § 2509(c).

## III. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is DENIED, Plaintiff's Motion for Judgment on the Administrative Record is DENIED and Defendant's Cross–Motion for Judgment upon the Administrative Record is GRANTED. The Clerk is directed to enter judgment in favor of defendant and to dismiss plaintiff's claims.

IT IS SO ORDERED.